**LEWIS BRISBOIS BISGAARD & SMITH LLP**
SHANE SINGH, SB# 202733
   E-Mail: Shane.Singh@lewisbrisbois.com
GEORGE J. THEOFANIS, SB# 324037
   E-Mail: George.Theofanis@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Defendant, BW RRI II, LLC dba
RED ROOF PLUS+ SAN FRANCISCO
AIRPORT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>          Plaintiff,<br><br>     vs.<br><br>BW RRI II, LLC. DBA RED ROOF PLUS+ SAN FRANCISCO AIRPORT,<br><br>          Defendant. | Case No. 3:20-cv-03142-AGT<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1) FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Judge:   Alex G. Tse<br>Date:    September 4, 2020<br>Time:    10:00 am<br>Crtrm.:   A-15th Floor<br><br>Trial Date:          None Set |

## I. INTRODUCTION

Plaintiff Peter Strojnik ("Plaintiff") lacks standing to bring the instant ADA access complaint against Defendant BW RRI II, LLC ("Defendant"). Plaintiff was once one of the most notorious ADA plaintiff's attorneys in the country, and is now an ADA plaintiff himself. Plaintiff is unable to demonstrate either injury-in-fact, or a genuine intent to return or deterrence, and therefore cannot establish standing to bring this claim. Defendant respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety, with prejudice.

## II. PROCEDURAL AND FACTUAL HISTORY

Plaintiff filed the present Complaint against Defendant on May 07, 2020. (Pl.'s Compl., ECF No. 1.) Defendant was served with a copy of the summons and Complaint on July 2, 2020 and has not yet filed an Answer to Plaintiff's Complaint. On July 15, 2020, Defendant's counsel and Plaintiff met and conferred in an attempt to resolve the issues identified herein prior to bringing the instant motion. No agreement was reached.

Plaintiff lives in Maricopa County, Arizona. (Pl.'s Compl. ¶ 3, ECF No. 1.) Defendant's hotel is located at 777 Airport Blvd., Burlingame, California 94010 (the "Hotel"), approximately 734 miles from Plaintiff's county of residence. (Request for Judicial Notice ("RJN") No. 1, Ex. A.)

## III. LEGAL ARGUMENT

An ADA plaintiff must meet basic Constitutional standing requirements, regardless of whether the plaintiff is a "tester." *Brooke v. H.P. Hospitality, LLC*, 2017 U.S. Dist. LEXIS 214372, at *5 (C.D. Cal. July 11, 2017.) And to specifically show standing under the ADA, a plaintiff must demonstrate that he has suffered an "injury-in-fact coupled with an intent to return," or alternatively "deterrence from returning to the premises." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011).

Plaintiff's threadbare and conclusory allegations fail to show he suffered an injury-in-fact. What is more, Plaintiff cannot demonstrate standing through either the "intent to return," or "deterrence from returning to the premises" method. Therefore, this Court should dismiss his Complaint in its entirety, with prejudice.

1  Although the court is to construe the pleadings in the light most favorable to the
2 nonmovant when considering a motion to dismiss, the court is also free to disregard allegations
3 that are contradicted by documents and facts either referenced in the complaint or properly subject
4 to judicial notice. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-989 (9th Cir. 2001).

5  **A.  Plaintiff Lacks Standing to Bring His ADA Claim**

6  To show standing, a plaintiff "must demonstrate that he has suffered an injury-in-fact, that
7 the injury is traceable to the [defendant's] action, and that the injury can be redressed by a
8 favorable decision." *Chapman*, 631 F.3d at 946.  An injury-in-fact is "an invasion of a legally
9 protected interest which is (a) concrete and particularized, and (b) 'actual or imminent' not
10 'conjectural' or 'hypothetical.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To
11 show standing under the ADA, a plaintiff must demonstrate that he has suffered an "injury-in-fact
12 coupled with an intent to return," or alternatively "deterrence from returning to the premises."
13 *Chapman*, 631 F.3d at 946.

14  *1.  Injury-In-Fact*

15  Plaintiff has failed to plead that an injury-in-fact exists.  To show an injury-in-fact for
16 ADA accessibility claims, a plaintiff must show that they encountered or know of ADA violations
17 at the place of public accommodation. *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1042 n. 5 (9th
18 Cir. 2008) ("Once a disabled individual has encountered or become aware of alleged ADA
19 violations that deter his patronage of or otherwise interfere with his access to a place of public
20 accommodation, he has already suffered an injury in fact . . . and so he possesses standing under
21 Article III.")

22  Here, Plaintiff alleges he suffered "injury in fact" in that the ADA violations in his
23 Complaint relate to barriers that prevent his  "full and equal use to the Hotel which, in turn,
24 constitutes discrimination." (Pl.'s Compl. ¶ 10, ECF No. 1.)  To support this allegation, Plaintiff
25 contends that after lodging at Defendant's competitor, he "visited Defendant's Hotel to determine
26 whether its accessibility features would be adequate for Plaintiff's future intended travel and
27 lodging in the area." (Pl.'s Compl. ¶ 18, ECF No. 1.)  Plaintiff goes on to allege that "[a]t
28 Defendant's hotel…Plaintiff also encountered barriers to accessibility." Plaintiff's Complaint also

1 attaches printouts of photos from the hotel's website depicting what he states are ADA violations.
2 (Pl.'s Compl. ¶ 18, ECF No. 1, Addendum A.)

3 However, the Complaint does not spell out what each of the alleged ADA violations are,
4 and only attaches photos with captions in which Plaintiff states the photos depict violations—but
5 such assertions are legal conclusions, not factual allegations. Similarly, while Plaintiff presents
6 photos of allegedly inaccessible laundry and vending machines, for example, this does not mean
7 that Defendant did not have other laundry and vending machines that are accessible. Thus, while
8 Plaintiff asserts that he was deterred from staying at Defendant's hotel because of access barriers
9 he became aware of, the Complaint is devoid of facts alleging what these access barriers are. And,
10 having failed to articulate in his allegations what the specific barriers are, Plaintiff also failed to tie
11 them to his alleged disability as required to show that the violation "affect[s] the plaintiff in a
12 personal and individual way." *Lujan*, 504 U.S. at 560 n. 1. What is more, Plaintiff does not even
13 provide an exact date for when he allegedly visited the hotel or the purpose of his visit to
14 Burlingame, California. Indeed, Plaintiff fails to show that he suffered an injury-in-fact under the
15 ADA.

16 Accordingly, Plaintiff's pleadings are threadbare and conclusory and fail to show that he
17 has sustained an injury-in-fact. Thus, this Court should dismiss his Complaint in its entirety, with
18 prejudice.

19 ### 2. *Plaintiff Has Not Pled Facts Showing a Genuine Intent to Return to Defendant's Hotel.*
20

21 Plaintiff also fails to demonstrate a genuine intent to return to Defendant's hotel. "In the
22 ADA context, the Ninth Circuit finds an 'injury in fact' sufficient to support standing where a
23 barrier deters a disabled person from 'returning' to a place of business." *Brooke v. H.P.*
24 *Hospitality, LLC*, 2017 U.S. Dist. LEXIS 214372, at *7. Courts look to four factors to determine
25 if an ADA plaintiff has demonstrated an intent to return sufficient to confer standing: "(1) the
26 proximity of defendant's business to plaintiff's residence, (2) plaintiff's past patronage of
27 defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's
28 frequency of travel near defendant." *See Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *8

(*citing Lema v. Comfort Inn, Merced*, 2012 U.S. Dist. LEXIS 42170, at *5 (E.D. Cal. Mar. 27, 2012)). Each of the factors is analyzed in turn below, and the balance is clearly in Defendant's favor.

a.  Proximity of Defendant's Hotel to Plaintiff's Residence.

This factor considers the geographical proximity of the subject business to the plaintiff's residence as an indication of the sincerity of the plaintiff's intent to return to the business. *See Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *8. In *Blue Ravine,* the Court found that a distance of "approximately fifteen miles" from the plaintiff's residence to the defendant's apartment building was relatively close, but weighed only "slightly in favor of the Plaintiff." *Id.*; *see also Molski v. Kahn Winery*, 405 F. Supp. 2d 1160, 1164 (C.D. Cal. 2005) (If a plaintiff lives more than 100 miles from the public accommodation, "the distance subverts a professed intent to return.").

Here, Defendant's hotel is more than 740 miles from Plaintiff's home. However, given that Defendant's business is a hotel, which is meant to lodge individuals who are far from their residence, this factor comes out as neutral in the balancing test

b.  Plaintiff's Past Patronage of Defendant's Hotel.

This factor looks to the plaintiff's history of visits to the subject business. Plaintiff does not allege that he has ever visited Defendant's hotel or the Burlingame area in the past. (*See generally* Pl.'s Compl., ECF No. 1.) Indeed, Plaintiff does not allege that he ever stayed at Defendant's hotel at all. *Id.* Plaintiff only pleads that he "visited Defendant's Hotel to determine whether its accessibility features would be adequate for [his] future intended travel and lodging in the area." (Pl.'s Compl. ¶¶ 15, 18, 29, ECF No. 1.) Clearly, this is a self-serving and conclusory allegation. If anything, Plaintiff undermines his own intent to return by revealing that whatever motivation he has for going to the hotel in the future is based on nothing more than a desire to further his ADA litigation—in other words, for no other reason than to form the basis for another ADA lawsuit. *See Sprewell*, 266 F.3d at 988 ("[A] plaintiff can…plead himself out of a claim by including unnecessary details contrary to his claims."); *Soo Line R.R. v. St. Louis Southwestern Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997) ("A plaintiff can plead himself out of court by alleging

facts which show that he has no claim, even though he was not required to allege those facts."). Plaintiff's lack of any past patronage is even further undermined by how far away Defendant's hotel is from his residence. (RJN No. 2, Ex. A.) In any case, Plaintiff has provided no evidence of a sincere intent to visit the Burlingame area at all, let alone Defendant's hotel in particular.

A lack of patronage before the visits giving rise to the lawsuit is a factor that strongly favors the defendant business. *Brooke v. H.P. Hospitality, LLC*, 2017 U.S. Dist. LEXIS 214372, at *8; *see also Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *8-*9.

Here, it does not appear that Plaintiff has ever visited Defendant's hotel before the facts giving rise to this lawsuit, let alone the entire Burlingame area. This factor strongly favors Defendant.

### c. Definitiveness of Plaintiff's Plans to Return.

If a plaintiff does not have concrete and genuine plans to return to the subject business, then this factor weighs in the defendant's favor. *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *9-*11. In *Blue Ravine*, for example, Plaintiff Scott Johnson testified that he did not intend to go back to the defendant business until "the action is resolved and the property alterations are complete." *Id*. at *9. The Eastern District Court found this intention insufficient, and that it provided "no definite intent to return," strongly favoring the defendant. *Id*. at *9-*10. In the instant Complaint, Plaintiff has alleged an even lesser intent to go to Defendant's hotel: "Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG . . ." (Pl.'s Compl. ¶ 12, ECF No. 1.) Plaintiff has provided only a "'someday'" intention, "'without any description of concrete plans, or indeed even any specification of when the someday will be….'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992). Particularly when considered in light of the far distance between Plaintiff's residence and the subject business, (RJN No. 2, Ex. A.), any sincerity in his supposed plans to return is out the window. This factor weighs heavily in Defendant's favor.

Defendant also notes that the Ninth Circuit has acknowledged that a plaintiff's extensive ADA litigation history can possibly undermine that plaintiff's credibility in alleging an intent to return, although courts must consider such evidence cautiously. *D'Lil v. Best Western Encina*

*Lodge & Suites,* 538 F.3d 1031, 1040 (9th Cir. 2008). To the extent that this Court is willing to consider such evidence here, Defendant points to Plaintiff's relatively numerous filings—thirteen similar cases in the Northern District this year alone—as evidence undercutting the sincerity and credibility of any alleged intent to return to Defendant's hotel. (RJN No. 2, Ex. B.) This is not even including Plaintiff's well-known history as a high-volume ADA plaintiff's attorney in California and Arizona.

Furthermore, Plaintiff was recently declared a vexatious litigant in the Northern and Central Districts. *Strojnik v. IA Lodging Napa First LLC*, No. 19-cv-03983-DMR, 2020 U.S. Dist. LEXIS 95738, at *17 (N.D. Cal. June 1, 2020); *see also* RJN No. 3, Ex. C [Central District Order declaring Plaintiff a "vexatious litigant"]. Here, it is not clear whether Plaintiff is in violation of the Northern District's Pre-Filing Order vis-à-vis the vexatious litigant order.

d. <u>Plaintiff's Frequency of Travel Near Defendant's Hotel</u>.

When considering this factor, a court looks to the plaintiff's assertion of frequent travel near the defendant's business, such that the plaintiff would inherently be more likely to frequent the business. *See Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *11; *see also Lema v. Comfort Inn, Merced*, 2012 U.S. Dist. LEXIS 42170. If a plaintiff does not allege any facts supporting his or her frequency of travel near the defendant business, then this factor should weigh in the defendant's favor. In *Blue Ravine*, Plaintiff Scott Johnson provided no allegations or evidence that he had "specific ties" to the defendant's property, or any other particular reason to frequent the area. *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *11. The court therefore found this factor to "strongly favor[]" the defendant. *Id*.

Similarly here, Plaintiff's Complaint is devoid of literally any allegation that he frequents the area surrounding Defendant's hotel, the San Francisco area in general, or any other assertion that would cause this factor to tilt towards a finding of frequency. Therefore, this factor weighs strongly in Defendant's favor, particularly combined with the distance between the subject business and Plaintiff's residence.

In sum, only one of the four factors possibly weighs in Plaintiff's favor, and only slightly at that. The same balance of the factors was present in *Blue Ravine*, where the court found that the

same Plaintiff was not able to establish a genuine and definite intent to return to the defendant's business.  The identical situation has repeated itself here, and Plaintiff has entirely failed to demonstrate a definite intent to return to Defendant's hotel.  He therefore fails to establish standing through injury-in-fact and intent to return.

### 3. Plaintiff Has Not Alleged Facts Showing He Is Deterred From Returning to Defendant's Hotel.

A showing of deterrence is the alternative to proving both injury-in-fact and intent to return to the subject business to demonstrate standing to bring an ADA claim.  *Chapman*, 631 F.3d at 949.  To adequately plead deterrence, a plaintiff must provide more than the empty allegation that he or she "was deterred;" rather, some sort of corroborating facts are necessary to demonstrate to the court that the "threat of future injury [is] sufficiently 'imminent' to permit a plaintiff to sue for injunctive relief."  *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *11-*12 (quoting *Chapman*, 631 F.3d at 949).  "[B]ecause virtually all Ninth Circuit precedent uses the word 'return' when referring to the deterrent effect doctrine, plaintiffs must show that they actually visited places of business some time before filing their claims in order to invoke the 'deterrent effect doctrine.'"  *Brooke v. H.P. Hospitality, LLC*, 2017 U.S. Dist. LEXIS 214372, at *9.  The plaintiff must show the court that there is some reason why the plaintiff visits this business in particular.  For example, in *Doran v. 7-Eleven, Inc*. and *Pickern v. Holiday Quality Foods Inc.*, two of the leading Ninth Circuit cases on point, the plaintiffs demonstrated more than an empty allegation of deterrence.  In *Doran*, the plaintiff alleged that he went to the defendant's convenience store every year on his annual Disneyland trip, and in *Pickern*, the plaintiff alleged that the defendant's grocery store was near his grandmother's residence and that he wished to shop at the store on days he visited her.  *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040 (9th Cir. 2008); *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002).

In this instant Complaint, Plaintiff has simply alleged the following in support of deterrence: "Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADAAG or State Law compliant as such compliance relates to Plaintiff's disability." (Pl.'s Compl. ¶ 11.)  A similar plaintiff has previously tried to demonstrate deterrence by claiming

1 only that alleged "ADA violations deter him from returning to the [defendant's business] and that he would like to return once the property altercations are complete." *Blue Ravine,* 2012 U.S. Dist. LEXIS 102056, at *12.  The court found that the plaintiff failed to demonstrate deterrence on that basis.  In another similar case, a plaintiff attempted to establish deterrence by pleading that she saw photographs of alleged ADA violations at the defendant's hotel, but that was not enough either.  *Brooke v. H.P. Hospitality, LLC*, 2017 U.S. Dist. LEXIS 214372, at *9-*10.   As Plaintiff has alleged nothing more in his instant Complaint, this Court should find that Plaintiff lacks standing on virtually the same facts present here.

### B. The Court Should Not Exercise Supplemental Jurisdiction Over State Claims.

Finally, federal courts have held that it is generally improper to exercise supplemental jurisdiction to hear the remaining Unruh Act and state law claims because, when all federal-law claims are eliminated before trial, "the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Johnson v. Kim*, No. 2:14-cv-00196-KJM-CKD 2016 U.S. Dist. LEXIS 6711, at *8 (E.D. Cal. Jan. 19, 2016) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 364 n.7 (1988)).  Therefore, because Plaintiff's federal claims should all be eliminated before trial as lacking standing, the Court should not exercise supplemental jurisdiction and Plaintiff's state law claims should be dismissed.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /



## IV. CONCLUSION

For the aforementioned reasons, Defendant BW RRI II, LLC respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(1), with prejudice.

DATED: July 22, 2020                **LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: ___/s/ Shane Singh, Esq.___
SHANE SINGH
GEORGE J. THEOFANIS
Attorneys for Defendant, BW RRI II, LLC dba RED ROOF PLUS+ SAN FRANCISCO AIRPORT