UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DANIEL CASTILLO-ANTONIO, <br> Plaintiff, <br> v. <br> RAFAEL HERNANDEZ, et al., <br> Defendants. | Case No. 19-cv-00672-JCS <br><br> **ORDER REGARDING MOTION TO DISMISS** <br><br> Re: Dkt. No. 10 |

## I. INTRODUCTION

Plaintiff Jose Daniel Castillo-Antonio brings this action against Defendants Rafael Hernandez, Carmen Hernandez, and several Doe defendants not yet identified. Plaintiff alleges that Defendants failed to provide barrier-free access for disabled persons to their business in violation of federal and California law. Defendants Rafael and Carmen Hernandez move to dismiss Castillo-Antonio's state-law claims for lack of subject matter jurisdiction under Rule 12(b)(1), arguing that the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c). The Court finds the matter suitable for resolution without oral argument and VACATES the hearing previously set for July 12, 2019. For the reasons discussed below, Defendants' motion is DENIED.[1]

A case management conference will occur on July 12, 2019 at 2:00 PM, for which the parties may request to appear telephonically if they so choose. The parties shall file a joint case management statement no later than July 10, 2019.

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

## II. BACKGROUND

### A. Factual Allegations

Castillo-Antonio is severely limited in the use of his legs and qualifies as a "physically handicapped person," a "physically disabled person," and a "person with a disability" as those terms are used under applicable California and federal law, including the Unruh Civil Rights Act ("Unruh Act"), the California Disabled Persons Act ("CDPA"), and Title III of the Americans with Disabilities Act of 1990 ("ADA"). Compl. (dkt. 1) ¶ 6. Defendants own and operate the Hernandez Meat Market in Oakland, California. *Id.* ¶ 3.

On or about June 30, 2018, September 28, 2018, and December 29, 2018, Plaintiff visited Hernandez Meat Market to buy food and beverages. *Id.* ¶ 12. Plaintiff alleges that he encountered several architectural barriers that interfered with his access to Hernandez Meat Market in violation of both California and federal law. *Id.* ¶¶ 3, 4. First, the primary entrance door allegedly lacked the proper posted International Symbol of Accessibility in violation of California Code of Regulations Title 24 (the California Building Code, or "CBC") section 11B-216.6 and the Americans with Disabilities Act Accessibilities Guidelines of the United States Access Board ("ADAAG") section 4.30.7. *Id.* ¶ 3. Second, the aisles inside the business were purportedly too narrow in violation of CBC section 11B-904.4. and ADAAG section 7.2. *Id.* ¶¶ 3, 4. Third, Plaintiff asserts that the service countertop for sales was not accessible for wheelchair occupants in violation of CBC section 11-904.4.1 and ADAAG section 7.2 ¶ 4. Finally, Plaintiff alleges the designated parking spot was not properly laid out in violation of CBC sections 11B-247.1.2.5, 11B-705.1.2.5, 11B-502.2, 11B-502.3, and 11B-502.4 as well as ADAAG sections 4.6.3, 4.6.6, 4.1.2(1), 4.3.2(1), and 4.14.1. *Id.*

During each visit, Plaintiff alleges that he informed Defendants of the architectural barriers. Compl. ¶ 12. Plaintiff asserts that by the third visit, Defendants had not removed the alleged barriers. *Id.* As a result, Plaintiff alleges to have been deterred from making a fourth visit on or about February 4, 2019. *Id.* Plaintiff maintains that he plans to visit the business in the future if the alleged violations are remedied. *Id.* ¶ 14. As a result of encountering these alleged violations, Plaintiff alleges that he suffered and continues to suffer emotional distress and

1  violations of his civil rights to full and equal enjoyment of goods, services, facilities, and
2  privileges. *Id*. ¶ 17.
3        Plaintiff asserts four causes of action against Defendants: (1) violation of the ADA (42
4  U.S.C. § 12101 et seq.); (2) breach of statutory protections for persons with physical disabilities
5  (California Health and Safety Code § 19955); (3) violation of the CDPA (Cal. Civ. Code §§ 54,
6  54.1, and 54.3); and, (4) violation of the Unruh Act (Cal. Civ. Code §§ 51 and 51.5). Compl.
7  ¶¶ 34, 35, 45, 56, 67. In connection with these claims, Plaintiff seeks injunctive relief, attorney's
8  fees, declaratory relief, compensatory damages, and statutory damages under the Unruh Act, or, in
9  the alternative, under the CDPA. Compl. at 21–23 (prayer for relief).

    **B.**    **Relevant Statutes**

        **1. The Americans with Disabilities Act**

Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). A grocery store like the one operated by Defendants is a "public accommodation" within the meaning of the ADA. 42 U.S.C. § 12181(7)(E).

To prevail on an ADA claim, a plaintiff must show that: (1) they are disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied access to public accommodations by the defendant because of the plaintiff's disability. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). A plaintiff may seek injunctive relief and attorney's fees under the ADA. 42 U.S.C. §§ 12188(a)(2), 12205. Damages are not available in private suits under the ADA. *M.J. Cable, Inc.*, 481 F.3d at 730 (citing *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002)).

        **2. The Unruh Civil Rights Act**

The Unruh Act states that "[a]ll persons within the jurisdiction of [California] are free and equal, and no matter what their . . . disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of

3

1  every kind whatsoever." Cal. Civ. Code § 51(b). A violation of the ADA is a per se violation of
2  the Unruh Act. Cal. Civ. Code § 51(f). Claims can also be brought under the Unruh Act without
3  relying on the ADA if the plaintiff demonstrates an intentional discriminatory act or omission by
4  the defendant. *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1029 (S.D. Cal. 2017) (citing *Org.*
5  *for the Advancement of Minorities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1129 (S.D. Cal.
6  2005)). An Unruh Act claim premised on a violation of the ADA does not require a showing of
7  intentional discrimination. *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 664–66 (2009).

8  Like the ADA, the Unruh Act allows plaintiffs to seek injunctive relief and attorney's fees.
9  Cal. Civ. Code § 52(c)(3). The Unruh Act also allows plaintiffs to recover "up to a maximum of
10 three times the amount of actual damage but in no case less than four thousand dollars." Cal. Civ.
11 Code § 52(a). A plaintiff "need not prove she suffered actual damages to recover the independent
12 statutory damages of $4,000." *Molski*, 481 F.3d at 731 (citing *Botosan v. Paul McNally Realty*,
13 216 F.3d 827, 835 (9th Cir. 2000)).

### 3. The California Disabled Persons Act

15 The CDPA establishes that "[i]ndividuals with disabilities shall be entitled to full and equal
16 access, as other members of the general public, to accommodations . . . and other places to which
17 the general public is invited." Cal. Civ. Code § 54.1(a)(1). A violation of the ADA is a per se
18 violation of the CDPA. Cal Civ. Code § 54.1(e). Under the CDPA, a plaintiff is entitled to actual
19 damages "up to a maximum of three times the amount of actual damages but in no case less than
20 one thousand dollars" and "attorney's fees as may be determined by the court in addition thereto."
21 Cal. Civ. Code § 54.3(a).

### 4. The California Health and Safety Code

23 The California Health and Safety Code ("CHSC") requires all public accommodations
24 constructed in California to conform with the provisions of Chapter 7 (commencing with section
25 4450) of Division 5 of Title 1 of the Government Code. Cal. Health & Safety Code § 19956.
26 Section 4450 of the Government Code directs the State Architect "to submit proposed building
27 standards to the California Building Standards Commission for approval" and "develop other
28 regulations for making buildings, structures, sidewalks, curbs, and related facilities accessible to

4

and usable by persons with disabilities." Cal. Gov't Code § 4450. The State Architect promulgated such regulations, which are codified in Title 24 of the California Code of Regulations. A plaintiff suing under CHCS section 19955 may seek both injunctive relief and attorney's fees. Cal. Health & Safety Code § 19953.

### C. Parties' Arguments

Defendants move to dismiss Plaintiff's state-law claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. Mot. (dkt. 10) at 3. The Court may hear the ADA claim pursuant to federal question jurisdiction under 28 U.S.C. § 1331. The other three claims brought by Plaintiff arise under California law, so the Court may only hear them pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367.[2] Defendants argue that the Court should decline to exercise supplemental jurisdiction because: (1) Plaintiff's state-law claims substantially predominate over his ADA claim; (2) allowing Plaintiff's state-law claims into federal court raises comity concerns in relation to the California legislature; and (3) Plaintiff's state-law claims raise novel and complex issues of state law. Defendants present the first two of these arguments in their motion, and raise the third argument for the first time in their reply.

In support of their first argument, Defendants maintain that the Unruh Act and CDPA provide more expansive remedies than the ADA, meaning the state-law claims substantially predominate over the federal-law claim such that the Court should decline to exercise supplemental jurisdiction over the state-law claims pursuant to § 1367(c)(2). Mot. at 7. The ADA allows plaintiffs to sue for injunctive relief and attorney's fees, but not for compensatory or statutory damages. 42 U.S.C. § 12188(a). By contrast, when taken together, the Unruh Act and CDPA allow plaintiffs to sue not only for injunctive relief and attorney's fees, but also for compensatory and statutory damages, which may be trebled. Cal. Civ. Code §§ 52, 54.3. Defendants interpret this discrepancy in available remedies to mean that the federal claim adds no value to Plaintiff's suit because the remedies that could be obtained under the ADA in federal court could also be obtained in state court under the Unruh Act. Mot. at 7. Accordingly, they

---

[2] There is no indication, and no party has suggested, that this case falls within the Court's diversity jurisdiction under 28 U.S.C. § 1332.

5

1 argue that the state-law claims substantially predominate over the federal law claim. *Id.*

2     In support of their second argument, Defendants contend that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claims in the interest of comity with the California legislature. Mot. at 8. In 2012, the California legislature adopted heightened pleading requirements for disability discrimination claims brought under the Unruh Act and CDPA. *See* Cal. Civ. Proc. Code § 425.50. Because state civil procedures do not apply in federal court, Defendants argue that Plaintiff is using the ADA claim as a "jurisdictional hook" to bring his state claims in federal court, thereby sidestepping the heightened pleading requirements under state law. *Id*. at 8, 9. Defendants maintain that this contravenes the intent of the California legislature and that the Court should therefore decline to exercise supplemental jurisdiction over Plaintiff's state-law claims in the interest of comity. *Id*. at 8. Though Defendants do not argue this explicitly, the comity concern would fit within the framework of § 1367(c), if at all, as an "other compelling reason" to decline to exercise supplemental jurisdiction pursuant to § 1367(c)(4).

    In opposition, Plaintiff cites a Ninth Circuit case for the proposition that "dismissal for lack of subject matter jurisdiction in a case premised on federal question jurisdiction is 'exceptional.'" Opp'n (dkt. 12) ¶ 5 (quoting *Sun Valley Gasoline, Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983)). Plaintiff contends that "[j]urisdictional dismissal is not warranted when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of the action' " and that the substantive and jurisdictional issues of his state-law claims are intertwined in such a way. *Id.* (quoting *Sun Valley Gasoline*, 711 F.2d at 139). Accordingly, Plaintiff maintains that it would be inappropriate to dismiss his state-law claims "at this very early stage of the litigation." *Id.* ¶ 14.

    Plaintiff further argues that courts must be cautious when construing a plaintiff's past ADA litigation against them because, "as the Ninth Circuit 'has noted more than once, for the Disabilities Act to yield its promise of equal access for the disabled, it may be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the Disabilities Act.' " Opp'n ¶ 5 (quoting *Antoninetti v.*

6

1  *Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1176 (9th Cir. 2010) (internal citations and quotation
2  marks omitted)). Defendants respond that the authority Plaintiff relies upon for this claim was
3  issued prior to California's adoption of heightened pleading requirements for disability
4  discrimination claims. Reply (dkt. 13) at 1.

5  Finally, Plaintiff quotes at length a recent decision from this district. Opp'n ¶ 15 (quoting
6  *Johnson v. Mariani*, No. 17-cv-01628-BLF, 2017 WL 2929453 (N.D. Cal. July 10, 2017)). The
7  *Mariani* court found that the plaintiff's state-disability-discrimination claims did not substantially
8  predominate over the plaintiff's ADA claim because the claims had nearly identical proof and
9  scope, even if the state law remedies were more expansive. *Id.* Defendants criticize this case for
10 relying on authority which predates the heightened pleading requirements adopted by the
11 California legislature since 2012. Reply at 3.

12 In their reply, Defendants argue for the first time that Plaintiff's state-law claims raise
13 novel and complex issues of state law such that the Court should decline to exercise supplemental
14 jurisdiction over them pursuant to § 1367(c)(1). Reply at 1. They contend that California courts
15 have a substantial interest in interpreting pleading requirements for state disability discrimination
16 claims because the California legislature amended those requirements as recently as 2016. *Id.* at 3.
17 They point to one specific issue of state law. To make a claim under the Unruh Act generally
18 requires a showing of intentional discrimination. *See Lentini v. Cal. Ctr. for the Arts, Escondido*,
19 370 F.3d 837, 847 (9th Cir. 2004). However, an ADA violation, which has no intent requirement,
20 is a per se violation of the Unruh Act. *See* 42 U.S.C. § 12182(b)(2)(A)(iv); Cal. Civ. Code § 51(f).
21 Defendants contend that the California Supreme Court, not a federal district court, should resolve
22 this issue. Reply at 3.

### III. ANALYSIS

#### A. Legal Standard

##### 1. Federal Rule of Civil Procedure 12(b)(1)

26 Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of*
27 *Am.*, 511 U.S. 375, 377 (1994). Accordingly, "federal courts have a continuing independent
28 obligation to determine whether subject-matter jurisdiction exists" over a given claim. *Leeson v.*

7

*Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012) (internal quotation marks and citations omitted). Rule 12(b)(1) allows defendants to move to dismiss a claim for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). On a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), it is the plaintiff's burden to establish the existence of subject matter jurisdiction. *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008).

A party challenging the court's subject matter jurisdiction under Rule 12(b)(1) may bring a facial challenge or a factual challenge. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). If the defendant brings a facial attack, arguing that the allegations in the complaint are insufficient to demonstrate the existence of jurisdiction, the Court's inquiry is much the same as when ruling on a motion to dismiss brought under Rule 12(b)(6). *Brick Oven Rest.*, 406 F. Supp. 2d at 1124 (citing Moore's Federal Practice § 12.30). This means the court accepts the factual allegations in the complaint as true. *Miranda v. Reno*, 238 F.3d 1156, 1157 (9th Cir. 2001).

### 2. Supplemental Jurisdiction Under 28 U.S.C. § 1367

"When a federal court has original jurisdiction over a claim, then the court 'shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy . . . .' " *Johnson v. United Rentals Nw., Inc.*, No. 2:11-cv-00204-JAM, 2011 WL 2746110, at *1 (E.D. Cal. July 13, 2011) (quoting 28 U.S.C. § 1367(a)). State claims are part of the same case or controversy as federal claims " 'when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding.' " *Kuba v. 1–A Agricultural Ass'n*, 387 F.3d 850, 855–56 (9th Cir. 2004) (quoting *Trs. of the Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.2d 923, 925 (9th Cir. 2003)).

Supplemental jurisdiction is mandatory unless prohibited by § 1367(b),[3] or unless one of the exceptions in § 1367(c) applies. *Cuddeback*, 262 F. Supp. 3d at 1028. Under § 1367(c), a

---

[3] 28 U.S.C. § 1367(b) applies to civil actions of which a district court has original jurisdiction founded solely on 28 U.S.C. § 1332 (diversity jurisdiction). Because the Court's jurisdiction over this controversy is founded on 28 U.S.C. § 1331 (federal question jurisdiction), § 1367(b) is inapplicable.

district court may "decline supplemental jurisdiction over a claim" if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

A district court's discretion to decline to exercise supplemental jurisdiction over state law "is informed by the *Gibbs* values 'of economy, convenience, fairness, and comity.' " *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, (1966)). A court may decline to exercise supplemental jurisdiction under § 1367(c) "under any one of [the statute's] four provisions." *San Pedro Hotel Co., Inc. v. City of L.A.*, 159 F.3d 470, 478–79 (9th Cir. 1998). When dismissing a state-law claim pursuant to § 1367(c)(1)–(3), a district court need not state its reason for dismissal. *Id.* If a district court declines to exercise supplemental jurisdiction under § 1367(c)(4), however, the court must "articulate why the circumstances of the case are exceptional." *Exec. Software N. Am., Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994). The Ninth Circuit has cautioned that declining supplemental jurisdiction based on § 1367(c)(4) should be the exception, not the rule. *Id.* at 1558.

### B. Supplemental Jurisdiction over Plaintiff's Claims Is Appropriate

Defendants do not contest that Plaintiff's ADA claim is properly before the court as a federal question, nor do they dispute that Plaintiff's state-law claims share a common nucleus of operative fact and are "part of the same case or controversy" as the ADA claim. Mot. at 6. The court therefore has mandatory supplemental jurisdiction over Plaintiff's state law claims pursuant to § 1367(a) unless one of the exceptions of § 1367(c) applies. Defendants' arguments implicate § 1367(c)(1), § 1367(c)(2), and § 1367(c)(4).

#### 1. 28 U.S.C. § 1367(c)(1)

Defendants identify only one potential complex or novel issue of state law implicated by the instant case. They cite a Southern District of California case for the proposition that Plaintiff's

9

1  state-law claims present a complex issue of state law because "the Unruh Act requires proof of
2  intentional discrimination while the ADA does not," even though a violation of the ADA
3  constitutes a per se violation of the Unruh Act. *Schutza v. Lamden*, No. 3:17-CV-2562-L-JLB,
4  2018 WL 4385377, at *4 (S.D. Cal. Sept. 14, 2018) (describing the tension between the two
5  standards as "an irreconcilably complex issue of state law"). This Court respectfully disagrees
6  with the Southern District's decision. The *Lamden* court relied on a prior Southern District
7  decision reached in 2007. *See Lamden*, 2018 WL 4385377, at *4 (citing *Cross v. Pac. Coast
8  Plaza Invs., L.P.*, No. 06 CV 2543 JM RBB, 2007 WL 951772, at *5 (S.D. Cal. Mar 6, 2007)).
9  However, the California Supreme Court resolved this issue in 2009. *See Munson*, 46 Cal. 4th at
10 664–66 (holding that a plaintiff seeking damages for ADA violations under the Unruh Act is not
11 required to prove intentional discrimination). Accordingly, the Court finds that this does not
12 constitute a complex or novel issue of state law within the meaning of § 1367(c)(1).

13 Defendants further contend that because the pleading requirements for California state
14 disability discrimination claims were amended by the California legislature as recently as 2016,
15 there might be new complex or novel issues of state law which California state courts should have
16 an opportunity to resolve. The Court finds this argument unpersuasive. As district courts within
17 the Ninth Circuit have repeatedly held, state pleading requirements for disability discrimination
18 claims do not apply in federal court because such requirements are procedural in nature and
19 federal courts use federal procedural rules. *See, e.g.*, *Johnson v. Mariani*, No. 17-CV-01628-BLF,
20 2017 WL 2929453, at *3 (N.D. Cal. July 10, 2017); *see generally Erie R.R. Co. v. Tompkins*, 304
21 U.S. 64 (1938). Accordingly, the meaning of California's heightened disability discrimination
22 pleading requirements is not at issue in this case.[4]

---

[4] Defendants' arguments could perhaps be construed as suggesting that by hearing Plaintiff's state-law claims, the Court is denying California state courts an opportunity to interpret the heightened pleading requirements. However, Defendants point to no particular issue regarding these requirements raised by this case. Even assuming there were such an issue, and that ensuring state courts the opportunity to consider such issues is a valid reason to decline jurisdiction under § 1367(c), disability discrimination claims are hardly a rarity, so the California state courts have had and will have other opportunities to interpret disability discrimination pleading requirements. Plaintiff himself has filed such claims in state court as recently as February 2, 2018. Surreply (dkt. 14) at 1.

The Court finds no novel or complex issues of state law at issue in Plaintiff's state-law claims.

### 2. 28 U.S.C. § 1367(c)(2)

Defendants argue that Plaintiff's state-law claims substantially predominate over Plaintiff's ADA claim because (1) the remedies available to Plaintiff under the state-law claims are more expansive than those available under the ADA and (2) the ADA claim adds nothing to the lawsuit that could not be obtained in state court. Mot. at 7, 8.

The Supreme Court has held that state-law claims can "substantially predominate . . . in terms of proof, of scope of issues raised, or of comprehensiveness of remedy sought." *United Mine Workers of Am.*, 383 U.S. at 726. Defendants cite several district court decisions which have held that the more expansive remedies available to plaintiffs under the Unruh Act and CDPA mean that such claims necessarily substantially predominate over ADA claims.[5] *See, e.g., Cuddeback*, 262 F. Supp. 3d at 1030 (holding that monetary damages of $36,000 sought by a plaintiff under the Unruh Act substantially predominated over federal injunctive relief sought under the ADA). But district courts within the Ninth Circuit are split on this issue. *Compare, e.g., Vogel v. Winchell's Donut*, 252 F. Supp. 3d 977, 986 (C.D. Cal. 2017) (holding that a plaintiff's state-law claims substantially predominated over an ADA claim because the remedies available under state law were more expansive and the ADA claim added no unique remedy to the suit), *with, e.g.*, *Schoors v. Seaport Vill. Operating Co., LLC*, No. 16CV3089 (AJB), 2017 WL 1807954 (S.D. Cal. May 5, 2017) (holding that although a plaintiff's Unruh Act claim offered more comprehensive remedies than their ADA claim, the Unruh Act claim did not substantially predominate over the ADA claim because it involved identical facts, witnesses, and evidence).

In resolving this issue, this Court follows the approach taken in *Schoors* and accordingly finds that Plaintiff's state-law claims do not substantially predominate over Plaintiff's ADA claim.

---

[5] Defendants do not implicate Plaintiff's CHSC claim in arguing that Plaintiff's state-law claims substantially predominate over Plaintiff's federal claim. Because Plaintiff may only recover injunctive relief and attorney's fees under the CHSC, the CHSC does not provide more expansive remedies than the ADA. A violation of the ADA is, however, not a per se violation of the CHSC, so the evidence required to prove Plaintiff's CHSC claim may differ from what is required to prove Plaintiff's other claims.

11

Though the remedies Plaintiff seeks pursuant to his state-law claims exceed those available under the ADA, the federal and state claims involve nearly identical facts, witnesses, and evidence because Plaintiff's Unruh Act and CDPA claims are premised on proving a violation of the ADA. *See* Compl. ¶¶ 56, 64, 68; Cal. Civ. Code §§ 51(f), 54(c). To prove his Unruh Act and CDPA claims, Plaintiff need only make an additional showing of the particular occasions on which he encountered the barrier or was deterred from visiting the market to establish statutory damages. *See Kohler v. Rednap, Inc.*, 794 F. Supp. 2d 1091, 1096 (C.D. Cal. 2011). Thus, even though the state-law claims provide for more comprehensive remedies, they do not substantially predominate over the ADA claim because the proof required for both the state and federal claims is nearly identical.

Applying the *Gibbs* factors—economy, convenience, fairness, and comity—to the § 1367(c)(2) analysis supports this conclusion. As the *Kohler* court noted:

> It is clearly more convenient and economical for the ADA claim and state-law claims based on those same ADA violations to be litigated in one suit. Moreover, comity does not counsel in favor of declining jurisdiction here, where state law incorporates the federal substantive standard and simply provides additional remedies. Finally, the Court does not find it unfair to have the state-law claims litigated in this forum, rather than in a separate, and largely redundant, state-court suit.

*Id.* The *Gibbs* factors thus weigh in favor of finding that Plaintiff's state-law claims do not substantially predominate over his ADA claim.[6]

### 3. 28 U.S.C. § 1367(c)(4)

Defendants argue that Plaintiff is using his ADA claim as a "jurisdictional hook" to have his state-law claims heard in federal court to bypass the heightened pleading requirements for

---

[6] Plaintiffs also cite the *Mariani* court's decision for the proposition that " 'accepting Defendants' argument "would effectively preclude a district court from ever asserting supplemental jurisdiction over a state law claim under the Unruh Act [in an ADA case].' " Opp'n. at 7 (quoting *Mariani*, 2017 WL 2929453, at *3 (internal citations omitted)). In this Court's view, the possibility of federal courts declining to exercise jurisdiction over claims under a particular California statute is not in itself a reason to exercise such jurisdiction, and instead begs the question of whether such jurisdiction is appropriate. To the extent that this statement from *Mariani* suggests that plaintiffs might choose to prosecute parallel ADA and Unruh Act claims in federal and state court, however, the potential duplication of effort that would result weighs in favor of exercising supplemental jurisdiction.

12

disability discrimination claims used in California state courts. Mot. at 8, 9. Plaintiff asserts construction-related accessibility claims and he is a high-frequency litigant as defined by California Code of Civil Procedure section 425.55(b). Mot. at 3. Accordingly, Plaintiff would be subjected to each of the heightened pleading requirements in California Code of Civil Procedure section 425.50 if he filed in California state court. The court in *Johnson v. Morning Star Merced, LLC* succinctly defined those heightened pleading requirements:

> "Section 425.50 imposes the following pleading requirements: (1) complaint must allege whether it is filed by or on behalf of a high-frequency litigator; (2) the number of complaints alleging a construction related accessibility claim that were filed by the high frequency litigator in the past twelve months; (3) the reason the high frequency litigator was in the region of the defendant's business; and (4) the specific reason that the high frequency litigator desired access to the defendant's business. Cal. Code Civ. P. § 425.50(a)(4). Additionally, a high frequency litigator must verify his complaint and pay an additional filing fee. See Cal. Code Civ. P. § 425.50(b); Cal. Gov. Code § 70616.5.

*Johnson v. Morning Star Merced, LLC,* No. 1:18-CV-0558 AWI EPG, 2018 WL 4444961, at *5 (E.D. Cal. Sept. 14, 2018). Federal courts have applied the Federal Rules of Civil Procedure instead of the pleading requirements outlined in California Code of Civil Procedure section 425.50. *Id.* (citing, *e.g.*, *Saavedra v. Chu*, 2017 WL 2468779, *1 (C.D. Cal. June 7, 2017); *Anglin v. Bakersfield Prosthetic & Orthotics Ctr.*, 2013 WL 6858444, *4–5 (E.D. Cal. Dec. 30, 2013); *Oliver v. In-N-Out Burgers*, 286 F.R.D. 475, 477 (S.D. Cal. 2012)).

Defendants note several district court decisions that have accepted their argument. *See, e.g.*, *Velez v. Il Fornanio (Am.) Corp.*, No. 3:18-cv-1840-CAB, 2018 WL 6446169, at *6 (S.D. Cal. Dec. 10, 2018) (declining to exercise supplemental jurisdiction over a plaintiff's Unruh Act claim in part because doing so would frustrate the California legislature's attempt to discourage vexatious disability discrimination by adopting heightened pleading requirements for the Unruh Act); *Cuddeback*, 262 F. Supp. 3d at 1025; *Brick Oven Rest.*, 406 F. Supp. 2d at 1120. These cases "emphasize that the plaintiffs are high frequency litigants, that there is nothing to be gained by litigating in federal court other than to avoid state pleading requirements, the plaintiffs are engaged in forum shopping, and that considerations of comity and discouraging forum shopping constitute 'exceptional circumstances' under § 1367(c)(4)." *Morning Star Merced, LLC*, 2018

13

WL 4444961, at *5.

Other district court decisions have, however, rejected this argument. *See, e.g.*, *Morning Star Merced, LLC*, 2018 WL 444496; *Mariani*, 2017 WL 2929453 at *11; *Schoors*, 2017 WL 1807954. "These cases emphasize that considerations of fairness and efficiency outweigh any concerns over comity, and that there is nothing improper about a litigant choosing to litigate in federal court." *Morning Star Merced, LLC*, 2018 WL 4444961, at *6 (internal citations omitted).

Applying the *Gibbs* factors, this Court finds the reasoning of the *Morning Star Merced* court persuasive and accordingly finds no compelling reason to decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. Comity concerns weigh in favor of Defendants' argument, given that the California legislature has enacted heightened pleading requirements for suits like this one.[7] However, "it is not efficient, convenient, or fair to require [Plaintiff] to file two nearly identical cases involve [sic] materially identical proof and issues." *Id.* It is more economical to have all of Plaintiff's claims heard in one court "instead of requiring duplicative efforts in multiple courts, possibly involving multiple juries, and possibly leading to inconsistent results." *Id.* Nor should a plaintiff be forced to choose between either proceeding in two separate forums or forsaking the plaintiff's entitlement to bring an ADA claim in federal court and instead litigating it in state court. Accordingly, the Court finds no compelling reason to decline to exercise supplemental jurisdiction over Plaintiff's state-law claims.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion is DENIED.

**IT IS SO ORDERED.**

Dated: June 28, 2019

JOSEPH C. SPERO
Chief Magistrate Judge

---

[7] The parties do not address the purpose or legislative history of the legislature's decision to impose heightened pleading requirements on frequent disability access litigants. To the extent the legislature may have been concerned about defendants facing a large volume of such lawsuits, comity weighs in favor of declining to exercise jurisdiction. To the extent that the legislature may have intended to alleviate congestion of the California courts, however, allowing plaintiffs to bring their claims in federal court would promote rather than impair that goal.

14