1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   SHANE SINGH, SB# 202733
2     E-Mail: Shane.Singh@lewisbrisbois.com
   GEORGE J. THEOFANIS, SB# 324037
3     E-Mail: George.Theofanis@lewisbrisbois.com
   2020 West El Camino Avenue, Suite 700
4  Sacramento, California 95833
   Telephone: 916.564.5400
5  Facsimile: 916.564.5444

6  Attorneys for Defendant, BW RRI II, LLC dba
   RED ROOF PLUS+ SAN FRANCISCO
7  AIRPORT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| PETER STROJNIK, | Case No. 3:20-cv-03142-AGT |
|---|---|
| Plaintiff, | **DEFENDANT BW RRI II, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FED. R. CIV. P. 12(b)(1)** |
| vs. | |
| BW RRI II, LLC. DBA RED ROOF PLUS+ SAN FRANCISCO AIRPORT, | Judge:  Alex G. Tse |
| Defendant. | Date:   September 4, 2020 |
| | Time:   10:00 AM |
| | Crtrm.: Courtroom A – 15th Floor |
| | Trial Date:   None Set |

## I. INTRODUCTION

Defendant BW RRI II, LLC, d/b/a Red Roof Plus+ San Francisco Airport ("Defendant") hereby submits this Reply in support of its Motion to Dismiss Plaintiff Peter Strojnik's ("Plaintiff") Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

Plaintiff's portrayal of Defendant as a villain, and references to segregation and George Wallace falls on deaf ears. The Americans with Disabilities Act ("ADA") was enacted with the purpose of eliminating discrimination against persons with disabilities. However, the ADA is sometimes used by a few disabled individuals and organizations who file numerous lawsuits to obtain quick settlements from smaller businesses. These individuals have the set up for an ADA lawsuit down to a science. Many ADA plaintiffs live for technical violations of the Department of Justice's Accessibility Guideline. Plaintiff's propensity for filing a multitude of disability discrimination cases alleging technical violations, particularly against hotel defendants, is very well known. Indeed, Plaintiff files near identical lawsuits, save a few photographs and name changes, to pressure ADA defendants into settlements before courts can reach the merits.

Accordingly, Defendants arguments stands and it respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety, with prejudice.

## II. LEGAL ANALYSIS

Plaintiff makes several arguments in his Opposition, each to no avail, as Defendant demonstrates below

### A. Courts do not Accept Legal Conclusions in the Complaint as True, Even if Cast in the Form of Factual Allegations.

Plaintiff contends that "Defendant's Motion confuses the sufficiency of allegations in a facial attack versus the sufficiency of proof in a factual attack on jurisdiction." (Pl.'s Opp. 3, ECF No. 13.) Plaintiff then spends several pages of his Opposition explaining the distinction between a "facial" and "factual" attack, but never explains *how* Defendant has confused these two standards. (Pl.'s Opp. 4-5, ECF No. 13.) All the while failing to mention courts do not accept legal conclusions guised as factual allegations. *See Id.*

1    Dismissal is proper when a plaintiff fails to properly plead subject matter jurisdiction in the complaint. Fed. R. Civ. P. 12(b)(1). A "jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). If the challenge is based solely upon the allegations in the complaint (a "facial attack"), the court generally presumes the allegations in the complaint are true. *Id.*; *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir. 2003). However, courts 'do not accept *legal conclusions* in the complaint as true, even if cast in the form of factual allegations.'" *Lacano Invs., LLC v. Balash,* 765 F.3d 1068, 1071 (9th Cir. 2014) (emphasis in original) (*quoting Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009)). Plaintiff bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

   Here, Plaintiff's discussion regarding "facial" and "factual" attacks is a red herring. At its core, the issue is whether Plaintiff has demonstrated either injury-in-fact, or a genuine intent to return or deterrence through his thinly veiled allegations. Plaintiff offers no insight into this determination. Accordingly, Defendant's argument stands, Plaintiff's pleadings are threadbare and conclusory. Plaintiff is unable to demonstrate either injury-in-fact, or a genuine intent to return or deterrence, and therefore cannot establish standing to bring this claim. Thus, this Court should dismiss his Complaint in its entirety, with prejudice.

   **B.    Plaintiff Cites to Irrelevant Case Law and Fails to Address the Defects in his Complaint.**

   Plaintiff then spends the next several pages of his Opposition discussing the distinctions between elements of proof and pleading standards between Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Pl.'s Opp. 6-7, ECF No. 13.) Plaintiff also attaches several exhibits to his Opposition reflecting Northern District decisions that he views favorably to this position. (Pl.'s Opp. 1-9, Exs 1-6, ECF No. 13.) Yet, Plaintiff only provides a roundabout commentary and cites to the incorrect legal framework. (Pl.'s Opp. 6-7, ECF No. 13.) At the same time, he attempts to discreetly allege thinly contentions, with no application to the instant case. *Id.*

   Here, Defendant has not brought a motion under Rule 12(b)(6), it has clearly been brought under Rule 12(b)(1). To that end Plaintiff's discussion of Rule 12(b)(6), and reliance on *Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678, (2009), *Warth v. Seldin*, 422 U.S. 490 (1975); *Maya v. Centex Corp.,* 658 F.3d 1060 (9th Cir. 2011), is irrelevant and misplaced.  (See Pl.'s Opp. 5-7, ECF No. 13.)

Furthermore, this case is distinguishable from *Wilson v. Kayo Oil Co.*, 563 F.3d 979, 980 (9th Cir. 2009).  "[I]n *Chapman v. Pier 1 Imports (U.S.) Inc.*, the Ninth Circuit clarified the standing requirements for ADA Plaintiffs.  631 F.3d 939, 953 (9th Cir. 2011) (holding that a plaintiff lacks standing "if he is indifferent to returning to the [place of public accommodation] or if his alleged intent to return is not genuine.")."  *Johnson v. Overlook at Blue Ravine, Ltd. Liab. Co.,* ("*Blue Ravine*") No. 2:10-CV-02387 JAM-DAD, 2012 U.S. Dist. LEXIS 102056, at *20 (E.D. Cal. July 20, 2012) [distinguishing *Wilson* because "Chapman made it abundantly clear that [Plaintiff] lacked standing."].  Thus, *Chapman*, was decided after *Wilson*, and makes clear that Plaintiff lacks standing.

Plaintiff also cites to Federal Rule of Civil Procedure 9(b) to support the notion that 'intent (to return) … and other conditions of a person's mind (being deterred) may be alleged generally.'"  Yet, Rule 9(b) is inapplicable to the instant case.  (Pl.'s Opp. 7, ECF No. 13.)  The purpose of Rule 9(b) is that in all averments of fraud, circumstances constituting fraud shall be stated with particularity, attempts to protect defendants from harm that may come to their reputations or their good will when they are charged with wrongdoing. *Macchiavelli v. Shearson, Hammill & Co.*, 384 F. Supp. 21 (E.D. Cal. 1974).  Indeed, heightened pleading requirements for fraud are quite a different matter, and is not a vehicle for Plaintiff to circumvent the general pleading requirements for his ADA claim.  Plaintiff is not relieved from his burden of establishing standing to bring this claim, which he still has failed to do.

Thus, Plaintiff provides only thinly veiled contentions without any legal support for his position.  Accordingly, Plaintiff is unable to demonstrate either injury-in-fact, or a genuine intent to return or deterrence, and therefore cannot establish standing to bring this claim.  Thus, this Court should dismiss his Complaint in its entirety, with prejudice.

### C. Plaintiff Lacks Standing Under Ninth Circuit Precedent.

Plaintiff spends several pages of his Opposition reciting applicable Ninth Circuit case law

and reproducing paragraphs of his Complaint. (Pl.'s Opp. 1-6, 8-9, ECF No. 13.) Plaintiff provides nothing more than conclusory statements that he has standing to bring his claim: after these pages of case law and reproduction of his Complaint, he writes, "The Complaint is jurisdictionally flawless." (Pl.'s Opp. 9, ECF No. 13.)

Plaintiff frequently cites *Civil Rights Educ. & Enforcement Ctr. v. Hosp. Properties Trust* [hereinafter "*CREEC*"], 867 F.3d 1093 (9th Cir. 2017). A closer reading of *CREEC* than what Plaintiff has apparently engaged in reveals that the Ninth Circuit was not so cut-and-dry with its analysis. The *CREEC* opinion also provides, "[E]vidence of concrete travels plans would be sufficient to show that a disabled plaintiff intends to visit a facility, even if she has not travelled there in the past. Contrariwise, in the absence of travel plans, a past visit might not be sufficient evidence of imminent future harm." *CREEC*, 867 F.3d at 1100 (internal citations omitted).

Even after *CREEC*, district courts throughout California still require "evidence of concrete travel plans to show that a disabled plaintiff intends to visit a facility in the near future." *See, e.g.*, *Brooke v. RK Inv. Props.,* 2018 U.S. Dist. LEXIS 9120, at *6-*7 (N.D. Cal. Jan. 19, 2018); *Rocca v. Jalidat, Inc.,* 2017 U.S. Dist. LEXIS 149513, at *7-*8 (C.D. Cal. Sept. 13, 2017). The *RK Inv. Props.* Court interpreted *CREEC* as still requiring the classic approach to standing in ADA cases regardless of any plaintiff's tester status. *RK Inv. Props.,* 2018 U.S. Dist. LEXIS 9120, at *6-*7. *Rocca* similarly interpreted *CREEC* as requiring that the plaintiff establish standing as laid out in *Lujan v. Defenders of Wildlife. Rocca v. Jalidat, Inc.*, 2017 U.S. Dist. LEXIS 149513, at *7-*8.

With this more accurate context of the *CREEC* opinion, Defendant's argument stands that Plaintiff has provided no more than an empty assertion of his "some day" plans to return, which is still not enough to establish standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992) ("Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require.") (emphasis in original). Plaintiff's Complaint must still be dismissed for lack of standing.

### D. *CREEC* Does Not Confer Standing by Virtue of Tester Status Alone.

In *CREEC*, the Ninth Circuit concluded only that "a plaintiff's status as a tester does not

Case 3:20-cv-03142-AGT   Document 15   Filed 08/13/20   Page 6 of 7

deprive her of the right to sue for injunctive relief" under the ADA. *CREEC*, 867 F.3d at 1102. It did not conclude that, by virtue of attaining tester status, an ADA plaintiff automatically acquires standing to bring any case at any location without meeting the traditional standing elements. *See id*.

*CREEC* does not provide that an ADA plaintiff has standing because he or she is known as a "tester" plaintiff. *CREEC*, 867 F.3d at 1102. Rather, it simply provides that tester status does not bar a plaintiff from establishing standing through the traditional *Lujan v. Defenders of Wildlife* elements. *Id*. at 1098, 1102. As such, Plaintiff is not relieved from his burden of establishing standing to bring this claim, which he still has failed to do.

### E. Plaintiff's State Law Claims Are Derivative of His Improper Federal Claims and Therefore Also Fail.

California state law permits an ADA litigant to recover monetary compensation if a violation of the ADA is established under the Unruh Civil Rights Act and the California Disabled Persons Act. Cal. Civ. Code §§ 51(f), 54(c). These damages are not available in the instant case because Plaintiff lacks standing to bring his ADA claim in the first place. Further, monetary damages are not available to private plaintiffs under the Americans with Disabilities Act (ADA) itself. *Boemio v. Love's Restaurant*, 954 F. Supp. 204, 207 (S.D. Cal. 1997). California Health & Safety Code section 19955 itself does not even allow for monetary damages. *Donald v. Café Royale, Inc.*, 218 Cal. App. 3d 168, 182-183 (1990). Plaintiff is therefore unable to state a claim for monetary damages in this case, even under California state law. *Johnson v. Torres Enters. LP* is illustrative as another Northern District case dealing with a similar ADA plaintiff, wherein the Court dismissed his derivative state law claims after granting the defendant's motion to dismiss his ADA claims. *Johnson v. Torres Enters. LP,* 2019 U.S. Dist. LEXIS 11124, at *10-12 (N.D. Cal. Jan. 22, 2019).

/ / /

/ / /

/ / /

/ / /



## III. CONCLUSION

For the above reasons, Defendant respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, as Plaintiff has failed to establish standing to bring his claims.

DATED: August 13, 2020

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: */s/ George J. Theofanis*
GEORGE J. THEOFANIS
Attorneys for Defendant, BW RRI II, LLC dba RED ROOF PLUS+ SAN FRANCISCO AIRPORT