1

2

3

4                         UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    PETER STROJNIK,                          Case No. 20-cv-03142-AGT

                    Plaintiff,
8
                                              **ORDER GRANTING MOTION TO
9           v.                                DISMISS**

10   BW RRI II, LLC,                          Re: Dkt. Nos. 5, 7, 12

                    Defendant.
11

12          Peter Strojnik filed this disability discrimination case against BW RRI II, LLC, a company

13   that owns a Red Roof Plus hotel in Burlingame, California.  Currently before the Court is BW's

14   motion to dismiss the case for lack of subject-matter jurisdiction.  For the reasons that follow, the

15   motion is granted with leave to amend.

16          1.  For two reasons, discussed further below, BW asserts that the allegations in Strojnik's

17   complaint are insufficient to support his standing to sue for violations of the Americans with

18   Disabilities Act.  Because BW's arguments focus on the allegations, the motion is best construed

19   as a facial attack on Strojnik's standing.  On a facial attack, the record is limited to the complaint

20   and materials that may be judicially noticed.  *See Hyatt v. Yee*, 871 F.3d 1067, 1071 n.15 (9th Cir.

21   2017).  The Court must accept Strojnik's allegations as true, draw all reasonable inferences in his

22   favor, and determine whether his allegations are sufficient to support standing.  *See id.*

23          At BW's request, the Court takes judicial notice of a Google map and judicial records that

24   BW filed with its motion to dismiss.  *See* ECF No. 7.  Courts may take judicial notice of maps and

25   judicial records.  *See United States v. Perea-Rey*, 680 F.3d 1179, 1182 n.1 (9th Cir. 2012); *Reyn's*

26   *Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006).

27          2.  To satisfy Article III's injury-in-fact requirement, Strojnik must not only identify

28   accessibility barriers at the Burlingame Red Roof Plus, he must also explain how those barriers

United States District Court
Northern District of California

United States District Court
Northern District of California

1   deprived him of "full and equal enjoyment of the facility on account of his *particular* disability."

2   *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947 (9th Cir. 2011) (emphasis added).

3   As BW correctly notes, Strojnik hasn't satisfied this second requirement.  His complaint

4   includes nine photographs of the hotel, seven of which are labeled with brief descriptions of why

5   the features shown constitute accessibility barriers for persons with disabilities (e.g., a photo of

6   washing machines is labeled "[i]mproper reach range," a photo of a desk is labeled "[i]naccessible

7   check in counter").  ECF No. 1, Compl., add. A.  No attempt is made to explain how these barriers

8   prevented Strojnik from enjoying the hotel on account of his particular disabilities.  (Which are a

9   spinal condition, prostate and renal cancer, and a prosthetic right knee.  *See* Compl. ¶ 3.)

10   Because Strojnik hasn't explained how he was harmed by the hotel's accessibility barriers,

11   he hasn't sufficiently alleged an injury-in-fact.  And on this ground, dismissal of his ADA claim is

12   warranted.  *See Chapman*, 631 F.3d at 954 (instructing the district court, upon remand, to dismiss

13   the plaintiff's ADA claim for lack of standing because the plaintiff "[did] not even attempt to

14   relate the alleged violations to his disability").  Strojnik may be able to cure this pleading defect,

15   so he has leave to amend his complaint.

16   3.  Under the ADA, Strojnik is limited to seeking injunctive relief.  *See Oliver v. Ralphs*

17   *Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011).  As a consequence, he must prove not only an

18   injury-in-fact, but also "a real and immediate threat of repeated injury in the future."  *Chapman*,

19   631 F.3d at 946 (internal quotation marks omitted).  He may satisfy this second requirement if he

20   is deterred from visiting the Burlingame Red Roof Plus because of its accessibility barriers and if

21   he intends to visit the hotel after the barriers are removed.  *See Civil Rights Educ. & Enf't Ctr. v.*

22   *Hosp. Props. Tr.* (*CREEC*), 867 F.3d 1093, 1098–99 (9th Cir. 2017).

23   Strojnik's complaint includes allegations of this kind: he alleges that he visited the hotel in

24   2019, encountered accessibility barriers there, is deterred from visiting again because of those

25   barriers, and intends to return when the barriers are removed.  *See* Compl. ¶¶ 11–12, 15–19.  BW,

26   however, argues that these allegations are too conclusory.  Noting that the hotel is more than 730

27   miles from Strojnik's home, BW maintains that more detail is needed to support Strojnik's intent

28   to visit the hotel after the accessibility barriers are removed.

United States District Court
Northern District of California

1     Since the Ninth Circuit's decision in *CREEC*, 867 F.3d 1093, district courts within the

2 circuit have split over how much detail is needed to sufficiently allege deterrence and post-

3 remediation intent to visit.  *Compare Strojnik v. 574 Escuela, LLC*, No. 18-CV-06777 JD, 2020

4 WL 1557434, at *3–4 (N.D. Cal. Mar. 31, 2020) (interpreting *CREEC* as permitting general

5 allegations of deterrence and intent to visit), *with Strojnik v. Bakersfield Convention Hotel I, LLC*,

6 436 F. Supp. 3d 1332, 1341–43 (E.D. Cal. 2020) (holding that even after *CREEC*, more detailed

7 allegations are needed, such as allegations that the plaintiff used to frequent the defendant's hotel

8 or has concrete plans to visit the area near the hotel).

9     Assuming, without deciding, that more detail than what Strojnik has provided is *not*

10 required to defeat a facial challenge to standing, there is nevertheless good reason to require more

11 detail in this case.  As has been documented elsewhere, Strojnik is known for filing boilerplate

12 complaints against small businesses for ADA violations, and for demanding attorney's fees even if

13 the businesses don't remedy the alleged violations.  Due to these practices, which were referred to

14 as "extortionate" and "ethically suspect," he was disbarred in Arizona.  State Bar of Arizona,

15 Disbarment Detail Link, https://azbar.legalserviceslink.com/attorneys-view/PeterStrojnik (last

16 visited September 1, 2020).  He was also recently declared a vexatious litigant in this district and

17 in another district within the circuit.  *See Strojnik v. IA Lodging Napa First LLC*, No. 19-CV-

18 03983 DMR, 2020 WL 2838814, at *6–13 (N.D. Cal. June 1, 2020); *Strojnik v. SCG Am. Constr.*

19 *Inc.*, No. 19-CV-1560 JVS, 2020 WL 4258814, at *6–8 (C.D. Cal. Apr. 19, 2020).[1]  Given the

20 volume of cases Strojnik has filed (numbering in the thousands according to the Arizona Bar), and

21 his litigation practices, there is reason to doubt the veracity of his averment that he intends to visit

22 the Burlingame Red Roof Plus after the hotel's accessibility barriers are removed.  More likely is

23 that he will try to obtain a monetary settlement and move on.

24     Judicial second guessing of allegations is generally not appropriate at the pleading stage.

25 And yet because standing relates to subject-matter jurisdiction, which federal courts are obligated

26

27 _____

[1] This district's order declaring Strojnik a vexatious litigant wasn't issued until after Strojnik filed
28 his complaint in this case.  As a result, the pre-filing conditions imposed by that order don't apply.
If Strojnik files an amended complaint, the Clerk of the Court may accept it without first obtaining
approval from the general duty judge.

United States District Court
Northern District of California

1    to confirm, "it is within the trial court's power . . . to require the plaintiff to supply, by amendment

2    to the complaint or by affidavits, further particularized allegations of fact deemed supportive of

3    plaintiff's standing." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (quoting *Warth*

4    *v. Seldin*, 422 U.S. 490, 501 (1975)); *see also Land v. Dollar*, 330 U.S. 731, 735 n. 4 (1947)

5    ("[W]hen a question of the District Court's jurisdiction is raised, either by a party or by the court

6    on its own motion, the court may inquire by affidavits or otherwise, into the facts as they exist.")

7    (citations omitted).

8           The Court exercises this discretion here.  If Strojnik chooses to amend his complaint to

9    cure the pleading deficiency identified above, he must also submit evidence supporting his intent

10   to visit the Burlingame Red Roof Plus after the hotel's accessibility barriers are removed.  His

11   submission should include evidence of prior visits to the Burlingame area, reasons for visiting the

12   area, concrete plans for future visits to the area, and evidence of prior stays at Red Roof branded

13   hotels.  This evidence is necessary to determine if there is subject-matter jurisdiction in the case.

14          4.  Strojnik's complaint also includes several state-law claims against BW.  *See* Compl.

15   ¶¶ 23–41.  Because he hasn't established standing to pursue his federal claim, the Court presently

16   has "no authority to retain jurisdiction over [his] state law claims." *Scott v. Pasadena Unified Sch.*

17   *Dist.*, 306 F.3d 646, 664 (9th Cir. 2002).  The state-law claims are dismissed without prejudice.

18                                              * * *

19          BW's motion to dismiss is granted.  If Strojnik chooses to amend his complaint, he must

20   file the amendment and the requested evidentiary support by September 30, 2020.

21          **IT IS SO ORDERED.**

22   Dated: September 1, 2020

23

24

25                                              ALEX G. TSE
                                                United States Magistrate Judge

26

27

28

4