**LEWIS BRISBOIS BISGAARD & SMITH LLP**
SHANE SINGH, SB# 202733
  E-Mail: Shane.Singh@lewisbrisbois.com
GEORGE J. THEOFANIS, SB# 324037
  E-Mail: George.Theofanis@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Defendant, BW RRI II, LLC dba RED ROOF PLUS+ SAN FRANCISCO AIRPORT and RED ROOF INNS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>Plaintiff,<br><br>vs.<br><br>BW RRI II, LLC. DBA RED ROOF PLUS+ SAN FRANCISCO AIRPORT,<br><br>Defendant. | Case No. 3:20-cv-03142-AGT<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(1) FOR LACK OF SUBJECT-MATTER JURISDICTION**<br><br>Date:     November 20, 2020<br>Time:    10:00 a.m.<br>Crtrm.:  A-15th Floor<br><br>Judge:   Alex G. Tse<br><br>Trial Date:           None Set |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. PROCEDURAL AND FACTUAL HISTORY ............................................................... 1

III. LEGAL ARGUMENT ................................................................................................... 3

    A. Plaintiff Cannot Show an "Injury-in-Fact" ......................................................... 4

        a. Booking Website ..................................................................................... 4

        b. Physical Barriers ..................................................................................... 5

    B. Plaintiff Has Not Pled Facts Showing a Genuine Intent to Return to Defendant BW's Hotel .......................................................................................... 6

        1. Proximity of Defendant's Hotel to Plaintiff's Residence ............................... 7

        2. Plaintiff's Past Patronage of Defendant's Hotel ............................................. 8

        3. Definitiveness of Plaintiff's Plans to Return .................................................. 9

        4. Plaintiff's Frequency of Travel Near Defendant's Hotel ............................. 10

    C. Plaintiff Has Not Alleged Facts Showing He Is Deterred from Returning to Defendant BW's Hotel ........................................................................................ 11

IV. THE COURT SHOULD NOT EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS AGAINST DEFENDANTS BW OR RED ROOF. .......... 12

V. CONCLUSION ............................................................................................................ 13



# TABLE OF AUTHORITIES

**Page**

### Federal Court Cases

*Brooke v. H.P. Hospitality, LLC*,
  2017 U.S. Dist. LEXIS 214372, at *5 (C.D. Cal. July 11, 2017.) .......................... 3, 6, 8, 11, 12

*Carnegie-Mellon Univ. v. Cohill*,
  484 U.S. 343, 364 n.7 (1988) ................................................................................................ 12

*Chapman v. Pier 1 Imports (U.S.) Inc.,* ,
  631 F.3d 939, 946 (9th Cir. 2011) ............................................................................... 3, 4, 6, 11

*D'Lil v. Best Western Encina Lodge & Suites*,
  538 F.3d 1031 (9th Cir. 2008) .......................................................................................... 10, 11

*Doran v. 7-Eleven, Inc.*,
  524 F.3d 1034 (9th Cir. 2008) .................................................................................. 4, 6, 11, 12

*Johnson v. Kim*,
  No. 2:14-cv-00196-KJM-CKD 2016 U.S. Dist. LEXIS 6711, at *8 (E.D. Cal. Jan. 19,
  2016) ..................................................................................................................................... 12

*Johnson v. Overlook At Blue Ravine, Ltd. Liab. Co.*,
  No. 2:10-CV-02387 JAM-DAD, 2012 U.S. Dist. LEXIS 102056, at *8 (E.D. Cal. July
  20, 2012) ............................................................................................... 7, 8, 9, 10, 11, 12

*Lema v. Comfort Inn, Merced*,
  2012 U.S. Dist. LEXIS 42170 (E.D. Cal. Mar. 27, 2012) ..................................................... 7, 10

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ................................................................................................................ 9

*Molski v. Kahn Winery*,
  405 F. Supp. 2d 1160 (C.D. Cal. 2005) .................................................................................... 7

*Pickern v. Holiday Quality Foods Inc.*,
  293 F.3d 1133 (9th Cir. 2002) ................................................................................................ 12

*Soo Line R.R. v. St. Louis Southwestern Ry. Co.*,
  125 F.3d 481 (7th Cir. 1997) .................................................................................................. 10

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016) ............................................................................................................ 3

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ............................................................................................. 3, 10

*Strojnik v. Four Sisters Inns, Inc.*,
  No. 2:19CV-02991-ODW(JEMx), 2019 U.S. Dist. LEXIS 212094 (C.D. Cal. Dec. 9,
  2019) ....................................................................................................................................... 6

*Strojnik v. GF Carneros Tenant, LLC,*,
   No. 19-cv-03583 2019 U.S. Dist. LEXIS 196916 (N.D.Cal. Nov. 13, 2019) ............................. 8

*Strojnik v. Hotel Circle GL Holdings, LLC*,
   No. 1:19-cv-01194-DAD-EPG, 2019 U.S. Dist. LEXIS 202591
   (E.D. Cal. Nov. 20, 2019) ................................................................................................. 6, 7

*Strojnik v. IA Lodging Napa First LLC*,
   No. 19-cv-03983-DMR, 2020 U.S. Dist. LEXIS 95738 (N.D. Cal. June 1, 2020) .................. 5, 8

*Strojnik v. Scg Am. Constr.*,
   No. SACV 19-1560 JVS(JDE), 2020 U.S. Dist. LEXIS 133127 (C.D. Cal. Apr. 19,
   2020) ....................................................................................................................................... 8

*Strojnik v. VY Verasa Commer. Co. LLC*,
   No. 3:19-cv-02556-WHO, 2020 U.S. Dist. LEXIS 169026 (E.D. Cal. Sep. 15, 2020) ........... 5, 6

*Strojnik v. Xenia Hotels & Resorts, Inc.*,
   No. 19-cv-03082-NC, 2020 U.S. Dist. LEXIS 101797 (N.D. Cal. June 9, 2020) ....................... 8

**Federal Rules and Regulations**

Fed. R. Civ. P. 12(b)(1) ................................................................................................................ 1, 13



## I. INTRODUCTION

Longtime lawyer and pro se Plaintiff Peter Strojnik ("Plaintiff") alleges various violations by Defendant BW RRI II, LLC's ("BW") hotel of the Americans with Disabilities Act ("ADA"), and several derivative state law claims against Defendants BW and Red Roof Inns, Inc. ("Red Roof") (collectively "Defendants"). After his original Complaint was filed against Defendant BW, Plaintiff was declared a vexatious litigant in this District, primarily because he has filed dozens of near-identical ADA complaints against different defendants (usually hotels) that were routinely dismissed for making only vague, conclusory allegations that did not demonstrate cognizable injury. The complaint in this case suffered from the same defect and consequently, was dismissed by this Court for lack of subject-matter jurisdiction without prejudice and with leave to amend.

Plaintiff then filed his Amended Complaint against Defendants BW and Red Roof, but failed to address any of the deficiencies in his original pleadings, and by extension, his amendments fail to adequately demonstrate he has standing to bring an ADA claim. Just like before, Plaintiff is again unable to demonstrate either injury-in-fact, or a genuine intent to return to or deterrence from Defendant BW's hotel, and therefore, cannot establish standing to bring this claim.

Accordingly, Defendants respectfully request that this Court dismiss Plaintiff's Amended Complaint in its entirety, with prejudice.

## II. PROCEDURAL AND FACTUAL HISTORY

Plaintiff filed his initial Complaint against Defendant BW on May 07, 2020. (Pl.'s Compl., ECF No. 1.) On July 22, 2020, Defendant BW moved to dismiss the complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) ("Motion to Dismiss"). (Def.'s Mot., ECF No. 5.) On July 27, 2020, Plaintiff filed his Opposition to Defendant BW's Motion to Dismiss. (Pl.'s Opp'n, ECF No. 13.) On August 13, 2020, Defendant BW filed its Reply in support of its Motion to Dismiss. (Def.'s Reply, ECF No. 14.)

On September 1, 2020, this Court granted Defendant BW's Motion to Dismiss, with leave to amend. (Ct. Order, ECF No. 16.) First, the Court concluded dismissal of Plaintiff's ADA claim

was warranted because he had not sufficiently alleged an injury-in-fact because he failed to explain how he was harmed by Defendant BW's hotel's accessibility barriers.  (*Id.* at 2:10-15.)

Second, the Court determined Plaintiff failed to demonstrate that he either had a genuine intent to return to the hotel or was deterred from returning to it.  The court assumed without deciding, "that more detail than what [Plaintiff] has provided is *not* required to defeat a facial challenge to standing, there is nevertheless good reason to require more detail in this case." (Ct. Order, 3:9-11.)  The Court observed:

> Given the volume of cases [Plaintiff] has filed (numbering in the thousands according to the Arizona Bar,) and his litigation practices, there is reason to doubt the veracity of his averment that he intends to visit the Burlingame Red Roof Plus after the hotel's accessibility barriers are removed.  More likely is that he will try to obtain a monetary settlement and move on.

(*Id.* at 3: 19-23.)

Based on the deficiencies in Plaintiff's Complaint, the Court concluded that "[i]f [Plaintiff] chooses to amend his complaint to cure the pleading deficiency identified above, he must also submit evidence supporting his intent to visit the Burlingame Red Roof Plus after the hotel's accessibility barriers are removed."  (Ct. Order, 4: 8-10.)  In particular, the Court stated that "[Plaintiff's] submission should include evidence of prior visits to the Burlingame area, reasons for visiting the area, concrete plans for future visits to the area, and evidence of prior stays at Red Roof branded hotels."  (*Id.* at 4:10-13.)  The Court noted "[t]his evidence is necessary to determine if there is subject-matter jurisdiction in this case." (*Id.* at 4:13.)  The Court also dismissed Plaintiff's state law claims without prejudice because he failed to demonstrate standing to pursue his federal claim, and by extension, deprived the court of jurisdiction over them.  (Ct. Order, 4:14-17.)

On September 7, 2020, Plaintiff filed his Amended Complaint, and added Defendant Red Roof as a party to the action.  (Pl.'s Am. Compl.; Summons, ECF No.19.)  On September 16, 2020, Defendant BW stipulated to a two-week extension with Plaintiff to respond to the Amended Complaint.  (Stip., ECF No. 20.)

Plaintiff lives in Phoenix, Arizona, which is located in Maricopa County.  (*See* Pl.'s Am. Compl.; Summons.)  Although Plaintiff's initial Complaint alleged that he is a resident of

Maricopa County, his Amended Complaint his suitably lacking this allegation. (*See* Pl.'s Compl. ¶3.) Defendant BW's hotel is located at 777 Airport Blvd., Burlingame, California 94010 (the "Hotel"), approximately 735 miles from Plaintiff's county of residence. (Request for Judicial Notice ("RJN") No. 1, Ex. A.)

### III.   LEGAL ARGUMENT

An ADA plaintiff must meet basic Constitutional standing requirements, regardless of whether the plaintiff is a "tester." *Brooke v. H.P. Hospitality*, LLC, 2017 U.S. Dist. LEXIS 214372, at *5 (C.D. Cal. July 11, 2017.) And to specifically show standing under the ADA, a plaintiff must demonstrate that he has suffered an "injury-in-fact coupled with an intent to return," or alternatively "deterrence from returning to the premises." *Chapman v. Pier 1 Imports* (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011). The barrier that allegedly violates the ADA and causes this deterrence or injury-in-fact must affect the plaintiff's "full and equal enjoyment of the facility on account of his particular disability." *Id.* at 947. A plaintiff, however, "must do more than offer 'labels and conclusions' that parrot the language of the ADA." *Id.* at 955 n.9 (emphasis added); *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016), *as revised* (May 24, 2016) (concluding "bare procedural violation[s], divorced from any concrete harm" is insufficient to demonstrate standing.").

Here, even though Plaintiff's elaboration in the Amended Complaint is more than was present in the initial Complaint, it is not enough to demonstrate standing. Plaintiff's allegations are still threadbare and conclusory, and by extension, fail to show he suffered an injury-in-fact, or that he has a genuine intent to return or is deterred from returning to Defendant BW's hotel., and therefore cannot establish standing to bring this claim. Because Plaintiff cannot show standing by either method this Court should dismiss his Amended Complaint in its entirety, with prejudice.

Although the court is to construe the pleadings in the light most favorable to the nonmovant when considering a motion to dismiss, the court is also free to disregard allegations that are contradicted by documents and facts either referenced in the complaint or properly subject to judicial notice. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-989 (9th Cir. 2001).

/ / /

A.  **Plaintiff Cannot Show an "Injury-in-Fact"**

To show an injury-in-fact for ADA accessibility claims, a plaintiff must show that they encountered or knew of ADA violations at the place of public accommodation. *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1042 n. 5 (9th Cir. 2008) ("Once a disabled individual has encountered or become aware of alleged ADA violations that deter his patronage of or otherwise interfere with his access to a place of public accommodation, he has already suffered an injury in fact . . . and so he possesses standing under Article III.")  "A 'barrier' will only amount to such interference if it affects the plaintiff's full and equal enjoyment of the facility on account of his particular disability." *Chapman*, 631 F.3d at 947.  "Because the ADA Accessibility Guidelines 'establishes the technical standards required for 'full and equal enjoyment,' if a barrier violating these standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes 'discrimination' under the ADA." (*Id.*)

In granting Defendant BW's first motion to dismiss, the Court explained Plaintiff's Complaint failed to allege injury-in-fact because he failed to explain how he was harmed by the hotel's accessibility barriers.  Although what is elaborated in the Amended Complaint is more than what was present in the Complaint, it still contains only photographs accompanied by vague, generic captions.  (Pl.'s Am. Compl. ¶¶38, 40, Tables 2-3.)

In his Amended Complaint, Plaintiff offers two types of barriers: insufficient information on Defendant BW's booking website and architectural or physical barriers at the Hotel.  Put simply, Plaintiff has not adequately shown that either type of barrier deprived him (or would deprive him) of full and fair enjoyment of the facility.

      a. Booking Website

First, Plaintiff uses a photo of the Hotel's website with captions that allege the website does not describe the Hotel's accessible features "in enough detail" to permit him to assess whether it meets his accessibility needs.  (Pl.'s Am. Compl. ¶38, Table 2.)  Plaintiff then uses a copy and paste explanation to identify the manner in which the barrier denied him full and equal use or access, and which deterred him from visiting the hotel, stating: "[b]arrier denied [Plaintiff] full and equal access by failing to identify and describe accessible features in the hotel and guest

1  rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or
2  guest room meets his accessibility needs." (*Id.*)
3        Plaintiff's "conclusory statement that accessibility information is lacking is not enough."
4  *Strojnik v. VY Verasa Commer. Co. LLC*, No. 3:19-cv-02556-WHO, 2020 U.S. Dist. LEXIS
5  169026, at *16 (E.D. Cal. Sep. 15, 2020).  Plaintiff does not identify what information is lacking
6  or why that lack of information denied him the ability to assess whether the Hotel could
7  accommodate his disabilities.  Put another way, Plaintiff fails has to explain how he was injured or
8  how BW deprived him of the ability to assess the Hotel for his accessibility needs.

      b.     <u>Physical Barriers</u>

10        Just like his Complaint, the Amended Complaint contains several photographs
11  accompanied by vague, generic captions that Plaintiff contends provide a "description of the
12  barrier and how the barrier affected [his] impairments . . . so as to deny him the 'full and equal'
13  access that would satisfy the injury-in-fact requirement (i.e., that he personally suffered
14  discrimination under the ADA on account of his disability)." (Pl.'s Am. Compl. ¶40, Table 3.)
15        While more details have been added to the Amended Complaint than was present in the
16  Complaint, Plaintiff still does not connect any of the alleged violations to his specific disability.
17  (Pl.'s Am. Compl. ¶40, Table 3.)  For instance, Plaintiff now lists in his Amended Complaint what
18  major life activities are "impacted" by his disabilities, but he fails to explain what the concrete
19  effects are other than one-word descriptions such as "walking." (*Id.* at ¶32, Table 1.)  What is
20  more, even though the descriptions underneath the photographs may now include one or two more
21  individualized sentences that attempt to explain the barrier and its effect on Plaintiff, they are still
22  "boilerplate" *Strojnik v. IA Lodging Napa First LLC*, No. 19-cv-03983-DMR, 2020 U.S. Dist.
23  LEXIS 95738, at *17 (N.D. Cal. June 1, 2020).  The copy-and-pasted explanations fail to show
24  what specific technical provisions of the ADA Accessibility Guidelines ("ADAAG") have been
25  violated, and how that violation connects to his specific disability.
26        For instance, Plaintiff's Amended Complaint alleges that that there was no "marked
27  passenger loading zone" and contains a picture purporting to be the front of the Hotel.  (Pl.'s Am.
28  Compl. ¶40, Table 3, ECF No. 18.)  Yet, in the caption beneath, Plaintiff has "not cited any

requirement in the ADA Accessibility Guidelines ADAAG or other authority that requires the sort of marking he alleges is required, or how the lack of such a marking violates the ADA." *VY Verasa Commer. Co.* LLC, 2020 U.S. Dist. LEXIS 169026, at *20. Hence, Plaintiff fails to allege if or how the loading zone fails to meet this requirement set forth under the ADAAG, and at the same time fails to show how any purported violation connects to his disability.

Plaintiff also only alleges that the Hotel's concierge desk was "inaccessible." Plaintiff alleges that the desk violates the ADAAG, but does not say how, and he is deterred because of his "potential use of wheelchair [sic] . . ." (Pl.'s Am. Compl. ¶40, Table 3.) "That statement is identical in substance with the allegation that Plaintiff is deterred because the bar and desk are inaccessible due to his disability. They are conclusory." *VY Verasa Commer. Co.* LLC, 2020 U.S. Dist. LEXIS 169026, at *22.

In addition, Plaintiff's other allegations include: (1) accessible parking space not closest to entry and is too "steep;" (2) an improperly configured handrail; and (3) laundry controls and soap vending being out of "reach range." However, these are simply "bare legal conclusions cast in the form of factual allegations, with no specification as to how any alleged barrier violates any aspect of the ADA or any related accessibility guidelines." *Strojnik v. Hotel Circle GL Holdings, LLC,* No. 1:19-cv-01194-DAD-EPG, 2019 U.S. Dist. LEXIS 202591, at *8 (E.D. Cal. Nov. 20, 2019). Put another way, Plaintiff must explain how he falls within the class of persons injured by these alleged physical barriers that are in violation of the ADA. *Doran*, 524 F.3d at 1044, n.7; *see also Chapman*, 631 F.3d at 947 (explaining a 'barrier' only amounts to interference if it affects the plaintiff's full and equal enjoyment of the facility on account of his particular disability.); *Strojnik v. Four Sisters Inns, Inc.,* No. 2:19CV-02991-ODW (JEMx), 2019 U.S. Dist. LEXIS 212094, at *8 (C.D. Cal. Dec. 9, 2019). Plaintiff's copy-and-paste statements fail to do this.

**B.** **Plaintiff Has Not Pled Facts Showing a Genuine Intent to Return to Defendant BW's Hotel**

Plaintiff also fails to demonstrate a genuine intent to return to Defendant BW's hotel. "In the ADA context, the Ninth Circuit finds an 'injury in fact' sufficient to support standing where a barrier deters a disabled person from 'returning' to a place of business." *Brooke v. H.P.*

*Hospitality, LLC,* 2017 U.S. Dist. LEXIS 214372, at *7.  Courts look to four factors to determine if an ADA plaintiff has demonstrated an intent to return sufficient to confer standing: "(1) the proximity of defendant's business to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant."  *Johnson v. Overlook At Blue Ravine, Ltd. Liab. Co.,* No. 2:10-CV-02387 JAM-DAD, 2012 U.S. Dist. LEXIS 102056, at *8 (E.D. Cal. July 20, 2012) (citing *Lema v. Comfort Inn, Merced*, 2012 U.S. Dist. LEXIS 42170, at *5 (E.D. Cal. Mar. 27, 2012)).  Each of the factors is analyzed in turn below, and the balance is clearly in Defendant's favor.

Furthermore, the Court specifically held that for Plaintiff to cure the pleading deficiencies in his complaint he needs to submit evidence supporting his intent to visit the Burlingame Red Rood Plus after the hotel's accessibility barriers are removed.  (Ct. Order, 4:8-17.)  The Court directed Plaintiff to include evidence of prior visits to the Burlingame area, reasons for visiting the area, concrete plans for future visits to the area, and evidence of prior stays at Red Roof Branded hotels.  (*Id.*)  Even though Plaintiff was put on notice of these requirements, he has failed to include the requested evidence.

### 1. *Proximity of Defendant's Hotel to Plaintiff's Residence*

This factor considers the geographical proximity of the subject business to the plaintiff's residence as an indication of the sincerity of the plaintiff's intent to return to the business.  *See Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *8.  In *Blue Ravine*, the Court found that a distance of "approximately fifteen miles" from the plaintiff's residence to the defendant's apartment building was relatively close, but weighed only "slightly in favor of the Plaintiff."  *Id*.; see also *Molski v. Kahn Winery*, 405 F. Supp. 2d 1160, 1164 (C.D. Cal. 2005) (If a plaintiff lives more than 100 miles from the public accommodation, "the distance subverts a professed intent to return.").

Here, Defendant's hotel is more than 735 miles from Plaintiff's home.  (RJN No. 1, Ex. A.)  However, given that Defendant's business is a hotel, which is meant to lodge individuals who are far from their residence, this factor comes out as neutral in the balancing test.

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

### 2. Plaintiff's Past Patronage of Defendant's Hotel

This factor looks to the plaintiff's history of visits to the subject business. A lack of patronage before the visits giving rise to the lawsuit is a factor that strongly favors the defendant business. *Brooke v. H.P. Hospitality, LLC*, 2017 U.S. Dist. LEXIS 214372, at *8; *see also Blue Rav*ine, 2012 U.S. Dist. LEXIS 102056, at *8-*9.

In granting Defendant BW's first motion to dismiss, the Court noted Plaintiff's reputation for filing boilerplate complaints and his questionable litigation practices. (*See* Ct. Order, 3:9-23.) Indeed, Plaintiff's propensity for filing a multitude of disability discrimination cases, particularly against hotel defendants, is very well known. *See IA Lodging Napa First LLC*, 2020 U.S. Dist. LEXIS 95738, at *17 (declaring Plaintiff a vexatious litigant in the Northern District); *Strojnik v. Scg Am. Constr.*, No. SACV 19-1560 JVS (JDE), 2020 U.S. Dist. LEXIS 133127 (C.D. Cal. Apr. 19, 2020) (declaring Plaintiff a vexatious litigant in the Central District); *Strojnik v. Xenia Hotels & Resorts, Inc.,* No. 19-cv-03082-NC, 2020 U.S. Dist. LEXIS 101797 (N.D. Cal. June 9, 2020); *Strojnik v. Orangewood LLC*, No. CV 19-00946 DSF (JCx)) 2020 U.S. Dist. LEXIS 11743 (C.D.Cal. Jan. 22, 2020) (dismissing the complaint with prejudice for failure to allege standing); *Strojnik v. Singpoli Grp., LLC,* No. LACV 19-00066 JLS (AGR)) 2019 U.S. Dist. LEXIS 24494 (C.D.Cal. Feb. 14, 2019) (dismissing complaint for failure to comply with court orders); *Strojnik v. GF Carneros Tenant, LLC,* No. 19-cv-03583) 2019 U.S. Dist. LEXIS 196916.) (N.D.Cal. Nov. 13, 2019).

To that end, the Court directed Plaintiff to include evidence of prior visits to the Burlingame area, reasons for visiting the area, and evidence of prior stays at Red Roof Branded hotels. Despite these instructions, Plaintiff only added a few unresponsive additional allegations, namely, that he has a comfortable car that can easily travel from Phoenix to San Francisco and on to Napa; has been traveling to San Francisco either as a final journey or an interim destination on the way to Napa regularly since 1980, both in business and for pleasure; and regularly travels to Napa to stock up on wines and spirits. (Pl.'s Am. Compl. ¶21.)

Clearly, these are self-serving, vague, and conclusory allegations, that fail to address the Court's specific requests for more evidence. Furthermore, none of Plaintiff's allegations reflect

his intention to visit the Burlingame area, and fails to provide any evidence of prior stays at Red Roof Branded hotels. Plaintiff has provided no evidence of a sincere intent to visit the Burlingame area at all, let alone Defendant's hotel in particular.

Plaintiff's lack of any past patronage is even further undermined by how far away Defendant's hotel is from his residence. (RJN No. 1, Ex. A.) What is more, Defendant BW's hotel is located approximately 4 miles from San Francisco International Air Port, the proximity of which is reflected in the Hotel name (i.e., "Red Rood PLUS+ San Francisco Airport"). (RJN No. 3, Ex. C.) At bottom, Plaintiff's failure to explain why he stops at a hotel in Burlingame near the airport on his drive up to Napa severely weakens his claim. Furthermore, it does not appear that Plaintiff has ever visited Defendant's hotel before the facts giving rise to this lawsuit, let alone the entire Burlingame area. Thus, this factor strongly favors Defendant.

### 3. *Definitiveness of Plaintiff's Plans to Return*

If a plaintiff does not have concrete and genuine plans to return to the subject business, then this factor weighs in the defendant's favor. *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at \*9-\*11. In *Blue Ravine*, for example, Plaintiff Scott Johnson testified that he did not intend to go back to the defendant business until "the action is resolved and the property alterations are complete." *Id.* at \*9. The Eastern District Court found this intention insufficient, and that it provided "no definite intent to return," strongly favoring the defendant. *Id.* at \*9-\*10. In his Amended Complaint, Plaintiff has alleged an even lesser intent to go to Defendant's hotel: "Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG . . ." (Pl.'s Am. Compl., ¶19.) Plaintiff, even after having the opportunity for amendment, has provided only a "'someday'" intention, "'without any description of concrete plans, or indeed even any specification of when the someday will be….'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992). Particularly when considered in light of the far distance between Plaintiff's residence and the subject business, (RJN No. 1, Ex. A.), any sincerity in his supposed plans to return is out the window.

The Court also specifically directed Plaintiff to provide evidence of his concrete plans for future visits to the area. However, Plaintiff only provides a vague someday intention to stay at the

hotel to conduct further review for ADA compliance. Plaintiff's future plans of visiting the area are clearly not "concrete." Also, Plaintiff provides no legitimate reason for his future visit, other than to further litigation, and fails to even provide a time frame for when his visit to occur. At bottom, Plaintiff has provided no evidence about why he is going to visit the Burlingame area.

If anything, Plaintiff undermines his own intent to return by revealing that whatever motivation he has for going to the hotel in the future is based on nothing more than a desire to further his ADA litigation—in other words, for no other reason than to form the basis for another ADA lawsuit. *See Sprewell*, 266 F.3d at 988 ("[A] plaintiff can…plead himself out of a claim by including unnecessary details contrary to his claims."); *Soo Line R.R. v. St. Louis Southwestern Ry. Co.,* 125 F.3d 481, 483 (7th Cir. 1997) ("A plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts.").

Defendant also notes that the Court and Ninth Circuit have acknowledged that a plaintiff's extensive ADA litigation history can possibly undermine that plaintiff's credibility in alleging an intent to return, although courts must consider such evidence cautiously. *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008). To the extent that this Court is still willing to consider such evidence again here, Defendant points to Plaintiff's relatively numerous filings—14 similar cases in the Northern District this year alone—as evidence undercutting the sincerity and credibility of any alleged intent to return to Defendant's hotel. (RJN No. 2, Ex. B.) This is not even including Plaintiff's well-known history as a high-volume ADA plaintiff's attorney in California and Arizona. Thus, this factor weighs heavily in Defendant's favor

### 4. *Plaintiff's Frequency of Travel Near Defendant's Hotel*

When considering this factor, a court looks to the plaintiff's assertion of frequent travel near the defendant's business, such that the plaintiff would inherently be more likely to frequent the business. *See Blue Ravine, 2012 U.S. Dist. LEXIS 102056, at *11*; *see also Lema v. Comfort Inn, Merced,* 2012 U.S. Dist. LEXIS 42170. If a plaintiff does not allege any facts supporting his or her frequency of travel near the defendant business, then this factor should weigh in the defendant's favor. In *Blue Ravine*, Plaintiff Scott Johnson provided no allegations or evidence that he had "specific ties" to the defendant's property, or any other particular reason to frequent

the area. Blue Ravine, 2012 U.S. Dist. LEXIS 102056, at *11. The court therefore found this factor to "strongly favor[]" the defendant. *Id.*

Similarly, here, Plaintiff's Amended Complaint is devoid of literally any allegation that he frequents the area surrounding Defendant's hotel, the Burlingame area, or any other assertion that would cause this factor to tilt towards a finding of frequency. Therefore, this factor weighs strongly in Defendant's favor, particularly combined with the distance between the subject business and Plaintiff's residence.

In sum, only one of the four factors can possibly weigh in Plaintiff's favor, and only slightly at that. The same balance of the factors was present in *Blue Ravine*, where the court found that the plaintiff was not able to establish a genuine and definite intent to return to the defendant's business. The identical situation has repeated itself here, and Plaintiff has entirely failed to demonstrate a definite intent to return to Defendant's hotel. He therefore fails to establish standing through injury-in-fact and intent to return.

### C. Plaintiff Has Not Alleged Facts Showing He Is Deterred from Returning to Defendant BW's Hotel

A showing of deterrence is the alternative to proving both injury-in-fact and intent to return to the subject business to demonstrate standing to bring an ADA claim. *Chapman*, 631 F.3d at 949. To adequately plead deterrence, a plaintiff must provide more than the empty allegation that he or she "was deterred;" rather, some sort of corroborating facts is necessary to demonstrate to the court that the "threat of future injury [is] sufficiently 'imminent' to permit a plaintiff to sue for injunctive relief." *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *11-*12 (quoting *Chapman*, 631 F.3d at 949). "[B]ecause virtually all Ninth Circuit precedent uses the word 'return' when referring to the deterrent effect doctrine, plaintiffs must show that they actually visited places of business some time before filing their claims in order to invoke the 'deterrent effect doctrine.'" *Brooke v. H.P. Hospitality*, LLC, 2017 U.S. Dist. LEXIS 214372, at *9. The plaintiff must show the court that there is some reason he visits this business in particular. For example, in *Doran v. 7-Eleven, Inc.* and *Pickern v. Holiday Quality Foods Inc.,* two of the leading Ninth Circuit cases on point, the plaintiffs demonstrated more than an empty allegation of

1   deterrence.  In *Doran*, the plaintiff alleged that he went to the defendant's convenience store every
2   year on his annual Disneyland trip, and in *Pickern*, the plaintiff alleged that the defendant's
3   grocery store was near his grandmother's residence and that he wished to shop at the store on days
4   he visited her.  *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040 (9th Cir. 2008); *Pickern v. Holiday*
5   *Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002).

6         In his Amended Complaint, Plaintiff allegations are nearly identical to his complaint:
7   "Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not
8   ADA compliant as such compliance relates to Plaintiff's disability."  (Pl.'s Amm. Compl. ¶19.)  A
9   similar plaintiff has previously tried to demonstrate deterrence by claiming only that alleged
10  "ADA violations deter him from returning to the [defendant's business] and that he would like to
11  return once the property altercations are complete."  *Blue Ravine,* 2012 U.S. Dist. LEXIS 102056,
12  at *12.  The court found that the plaintiff failed to demonstrate deterrence on that basis.  In another
13  similar case, a plaintiff attempted to establish deterrence by pleading that she saw photographs of
14  alleged ADA violations at the defendant's hotel, but that was not enough either.  *Brooke v. H.P.*
15  *Hospitality, LLC*, 2017 U.S. Dist. LEXIS 214372, at *9-*10.  As Plaintiff has alleged nothing
16  more in his Amended Complaint, this Court should find that Plaintiff lacks standing on virtually
17  the same facts present here.

### IV. THE COURT SHOULD NOT EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS AGAINST DEFENDANTS BW OR RED ROOF

20        Finally, federal courts have held that it is generally improper to exercise supplemental
21  jurisdiction to hear the remaining Unruh Act and state law claims (Pl.'s Amm. Compl. ¶¶61-151.),
22  to the extent they state legally cognizable claims at all, because when all federal-law claims are
23  eliminated before trial, "the balance of factors to be considered under the pendent jurisdiction
24  doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to
25  exercise jurisdiction over the remaining state-law claims."  *Johnson v. Kim*, No. 2:14-cv-00196-
26  KJM-CKD 2016 U.S. Dist. LEXIS 6711, at *8 (E.D. Cal. Jan. 19, 2016) (quoting *Carnegie-*
27  *Mellon Univ. v. Cohill*, 484 U.S. 343, 364 n.7 (1988)).  Therefore, because Plaintiff's federal
28  claims should all be eliminated before trial as lacking standing, the Court should not exercise

supplemental jurisdiction and Plaintiff's state law claims against Defendants BW and Red Roof should be dismissed.

## V. CONCLUSION

For the aforementioned reasons, Defendants BW and Red Roof respectfully requests that this Court dismiss Plaintiff's Amended Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(1), with prejudice.

DATED:  October 5, 2020

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:   */s/ Shane Singh, Esq.*
SHANE SINGH
GEORGE J. THEOFANIS
Attorneys for Defendant, BW RRI II, LLC dba RED ROOF PLUS+ SAN FRANCISCO AIRPORT and RED ROOF INNS, INC.