1 | **LEWIS BRISBOIS BISGAARD & SMITH LLP**
SHANE SINGH, SB# 202733
   E-Mail: Shane.Singh@lewisbrisbois.com
GEORGE J. THEOFANIS, SB# 324037
   E-Mail: George.Theofanis@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Defendant, BW RRI II, LLC dba RED ROOF PLUS+ SAN FRANCISCO AIRPORT and Red Roof Inns, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BW RRI II, LLC. DBA RED ROOF PLUS+ SAN FRANCISCO AIRPORT,<br><br>　　　　Defendant. | Case No. 3:20-cv-03142-AGT<br><br>**DEFENDANTS BW RRI II, LLC AND RED ROOF INNS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(1)**<br><br>Judge:　　Hon. Alex G. Tse<br>Date:　　November 20, 2020<br>Time:　　10:00 AM<br>Crtrm.:　Courtroom A-15th Floor<br><br>Judge:　　Alex G. Tse<br>Trial Date:　None Set |

## I. INTRODUCTION

Defendants BW RRI II, LLC, d/b/a Red Roof Plus+ San Francisco Airport ("BW") and Red Roof Inns, Inc. ("Red Roof") (collectively, "Defendants") hereby submits this Reply in support of their Motion to Dismiss Plaintiff Peter Strojnik's ("Plaintiff") Amended Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

## II. PLAINTIFF'S OPPOSITION FAILS TO REBUT ANY OF THE ARGUMENTS MADE IN DEFENDANTS' MOTION TO DISMISS HIS AMENDED COMPLAINT.

Dismissal is proper when a plaintiff fails to properly plead subject matter jurisdiction in the complaint. Fed. R. Civ. P. 12(b)(1). A "jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). If the challenge is based solely upon the allegations in the complaint (a "facial attack"), the court generally presumes the allegations in the complaint are true. *Id.*; *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir. 2003). However, courts do not accept legal conclusions in the complaint as true, even if cast in the form of factual allegations. *Lacano Invs., LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014). Plaintiff bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Here, Plaintiff fails to meet this burden. Rather than address any of the arguments made in Defendants' Motion to Dismiss, Plaintiff's Opposition reproduces paragraphs of copy and paste explanations from his Amended Complaint. (Pl.'s Opp. 1-17, ECF No. 24; *see* Def.'s Mot., ECF No. 21.) First, Plaintiff's Opposition includes the same threadbare and conclusory allegations and the same copy and paste snippets of the Americans with Disabilities Act ("ADA") as his Amended Complaint and Complaint to show an injury-in-fact. (Pl.'s Opp. 2-17.) However, a plaintiff "must do more than offer '<u>labels</u> and <u>conclusions</u>' that <u>parrot the language of the ADA</u>." *Id.* at 955 n.9 (emphasis added); *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016), *as revised* (May 24, 2016) (concluding "bare procedural violation[s], divorced from any concrete harm" is insufficient to demonstrate standing."). Thus, Plaintiff has failed to properly allege injury-in-fact.

Second, even though Plaintiff was required by the Court to provide evidence of his sincere intent to visit the Burlingame area, he fails to do so. (Ct. Order, ECF No. 16.) The Court required

1  Plaintiff to "include evidence of prior visits to the Burlingame area, reasons for visiting the area,
2  concrete plans for future visits to the area, and evidence of prior stays at Red Roof branded hotels"
3  in his Amended Complaint. (Ct. Order, 4: 10-13.) Plaintiff's contention that he visited the
4  "Napa" and "San Francisco" area in the past, however, does not mean he visited the Burlingame
5  area. (*See* Pl.'s Opp. 2-3; Pl.'s Am. Compl. ¶21, ECF No.18.) Also, Plaintiff's vague allegations
6  that he intends to visit Defendant BW's hotel in the future to retest it for ADA compliance, does
7  not demonstrate concrete plans to return to the Burlingame area. (*See* Pl.'s Opp. 2-3; Pl.'s Am.
8  Compl. ¶23.) Furthermore, Plaintiff has provided no evidence of his past stays at Red Roof
9  branded hotels. (*See* Pl.'s Opp. 2-3; Pl.'s Am. Compl.) Thus, Plaintiff fails to demonstrate he
10 suffered an "injury-in-fact coupled with an intent to return," or alternatively "deterrence from
11 returning to the premises."
12        Finally, Plaintiff fails to cite to any relevant authority in his Opposition. Other than the
13 reproduction of his Amended Complaint, he writes, "Plaintiff claims entitlement to equitable
14 nominal damages." (Pl.'s Opp. 1, 17.) To support this contention, he argues "[t]he existence of
15 equitable nominal damages in ADA litigation grants District Court continuing jurisdiction. *Bayer*
16 *v. Neiman Marcus Group, Inc.*, 861 F.3d 853 (9th Cir. 2017)." (Pl.'s Opp. 1, 17, ECF No. 24.)
17 However, Plaintiff's reliance on *Bayer* is misguided.
18        *Bayer* is distinguishable from the instant case. In *Bayer v. Neiman Marcus Group, Inc.*,
19 861 F.3d 853 (9th Cir. 2017) a former plaintiff employee alleged that his former defendant
20 employer interfered with the exercise of his rights under the ADA in violation of 42 U.S.C.S. §
21 12203(b). First, the court observed the statutes under the ADA in the employment context differ
22 from the public accommodation context. *Bayer*, 861 F.3d at 862-63 ("Whereas §§ 12133 and
23 12188 address ADA enforcement in the context of public services and public accommodations, §
24 12117 addresses ADA enforcement in the employment context."). Conversely, this case arises out
25 of ADA enforcement in the public accommodation context, not the employment context. (*See*
26 Pl.'s Am. Compl., ECF No.18.)
27        Second, the court in *Bayer* held that the plaintiff's claims for injunctive relief and
28 monetary relief were moot, but that the plaintiff employee had a viable claim for nominal damages

1  sufficient to avoid mootness. *Id.* at 865, 867-868, 874-875. "The doctrine of mootness, which is
2  embedded in Article III's case or controversy requirement, requires that an actual, ongoing
3  controversy exist at all stages of federal court proceedings." *Pitts v. Terrible Herbst, Inc.,* 653
4  F.3d 1081, 1086 (9th Cir. 2011) (citing *Burke v. Barnes*, 479 U.S. 361, 363 (1987)).  However,
5  Plaintiff must still show either an "injury-in-fact coupled with an intent to return," or alternatively
6  "deterrence from returning to the premises." *Chapman v. Pier 1 Imports* (U.S.) Inc., 631 F.3d
7  939, 946 (9th Cir. 2011).  Put simply, Plaintiff's reliance on *Bayer* does not negate the
8  requirements outlined in *Chapman,* and does not support his contention that he has properly
9  alleged standing under the ADA.

10  Indeed, Plaintiff's Opposition fails to rebut the arguments contained in Defendants'
11  Motion to Dismiss.  (Def.'s Mot., ECF No. 21) Therefore, Plaintiff cannot show injury-in-fact, or
12  a genuine intent to return or deterrence, and therefore he cannot establish standing to bring this
13  claim.  Thus, this Court should dismiss his Amended Complaint in its entirety, with prejudice.

14  **III.   CONCLUSION**

15  For the above reasons, Defendants respectfully requests that the Court grant its Motion to
16  Dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack
17  of subject-matter jurisdiction, as Plaintiff has failed to establish standing to bring his claims.

19  DATED:  October 26, 2020           **LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:   */s/ Shane Singh, Esq.*
SHANE SINGH
GEORGE J. THEOFANIS
Attorneys for Defendants, BW RRI II, LLC dba
RED ROOF PLUS+ SAN FRANCISCO
AIRPORT and Red Roof Inns, Inc.