1  Peter Strojnik (Sr.),
2  7847 N. Central Ave.
   Phoenix, Arizona 85020
3  602-524-6602
4  ps@strojnik.com

**UNITED STATES DISTRICT COURT**
5  **NORTHERN DISTRICT OF CALIFORNIA**

6  |  | Case No: 3:20-cv-03142-AGT |
7  | PETER STROJNIK, | |
   | Plaintiff, | **MOTION FOR PARTIAL** |
8  | vs. | **SUMMARY JUDGMENT** |
   |  | **ON COUNTS** |
9  | BW RRI II, LLC dba RED ROOF PLUS+ | **4 (Cal. Civ. Code §1710)** |
10 | SAN FRANCISCO AIRPORT; RED | **5 (Cal. Civ. Code §1710)** |
   | ROOF INNS, INC. | **7 (Cal. Civ. Code §17500)** |
11 | Defendant. | **8 (Cal. Civ. Code §17200)** |

12
13                          **SCOPE OF MOTION**

14       Defendant Red Roof Inns, Inc. ("Red Roof") is a national lodging chain with

15  excellent reputation. Red Roof sells its excellent reputation to unknown hoteliers with

16  no reputation or, as in the case of BW RRI II, LLC ("BW"), bad reputation. Red Roof

17  accomplishes the sale of its excellent reputation through the sale or lease of its brand

18  names, e.g., Red Roof Plus+. The effect of Red Roof's sale of its excellent reputation

19  to unknown hoteliers with a bad reputation is that the lodging public, including

20  Plaintiff, believe that they are buying a hotel room with the expectation of excellent

21  services based on Red Roof's reputation when in fact they are buying lodging services

    with an unknown hotelier, BW, with a bad reputation.

22       Red Roof markets BW's services through its informational, marketing and

23  booking website www.redroof.com. The website misrepresents that Red Roof Plus+

24  San Francisco Airport is a Red Roof hotel and not a BW hotel. Additionally, the

25  marketing website misrepresents the conditions at the Red Roof Plus+ San Francisco

26  Airport as "mobility accessible" when Defendants know, or should know with the

27  exercise of reasonable care, that the representation of accessibility is false or

28  misleading.

Plaintiff moves for partial summary judgment based on the above skeletal facts on liability only.

**STATEMENT OF FACTS**

Hotels, motels and other places of lodging have developed a system of deceptive self-marketing through the use of purchased brand names such as "Red Roof Plus+" while at the same time concealing the true identity of the actual hotel owners, managers or operators. The effect of this deceptive identification is to mislead the lodging public, including Plaintiff, into believing that they are booking a hotel room at a national brand name property with excellent reputation when they are in fact booking a room with an unknown hotelier. (SOF 2) The misidentification of the true "operator", "owner" or "manager" by Red Roof as, in this case, Red Roof Plus+ San Francisco Airport, has become a norm in the lodging industry. (SOF 3)

Defendant BW holds itself out as Red Roof Plus+. (SOF 4) Red Roof has excellent reputation in the lodging industry. (SOF 5)

Red Roof Plus+ is a reputable nationwide hotel chain owned by Red Roof. (SOF 6) Red Roof was aware of and consented to BW's use of its brand, and received valuable consideration in return. (SOF 7) BW is a Delaware entity unknown in the travel industry. Its physical address is in Texas, its mailing address is in Ohio. BW has no reputation other than as a violator of guests', including Plaintiff's, rights to equal access. (SOF 8)

BW identifies itself as a Red Roof Plus+. The effect of this misidentification is to mislead the traveling public, including Plaintiff, believing that the Hotel is owned, operated or managed by Red Roof Inns, a national chain with excellent reputation, and that it is not a flight by night operation with addresses in 3 states. (SOF 9)

Plaintiff was misled by BW's misrepresentation of ownership, control and self-identification in three distinct manners:

a. First, by the booking websites that identify BW as Red Roof Plus+:

**https://www.redroof.com/book/search-result#list-view**
and
**https://www.redroof.com/property/ca/burlingame/RRI228**

b. Second, by the signage on the property:

2



c. Third, by representation on the hotel's personnel business cards:

(SOF 10)

BW is not Red Roof Plus+. It is BW. (SOF 11) Plaintiff reasonably relied on BW's false representation of its ownership, management, control and origin through the use of Red Roof's brand, Red Roof Plus+. (SOF 12) Plaintiff has been damaged by his reliance. He visited the Hotel, incurred costs and expenses in traveling to the Hotel, all to his damage, and was denied equal access to lodging. (SOF 13)

On its informational and marketing website, Red Roof makes the following claims[1]:

> Red Roof is an award-winning leader in the lodging industry recognized for creating the innovative Upscale Economy segment serving millions of guests each year. Whether business or leisure, short trips or extended stays, in the hearts of cities or on the road, Red Roof has a property for every traveler.
>
> At Red Roof, we do whatever it takes to make our guest feel comfortable. That's why we invite you to relax with your four-legged family member at all of our 650 locations. There are no additional charges, so our guest's furry family member doesn't have to spend the night in the car.

---
[1] https://www.redroof.com/why-red-roof/index

3

> Red Roof is obsessed with listening to our guests which is why when our guests stay at any of our brands across the U.S., they immediately notice a consistently high-quality experience at an affordable price.

(SOF 14) On its informational and marketing website, Red Roof makes the following additional claim regarding its brand name Red Roof Plus+[2]:

> ***Red Roof PLUS+®***
> **Red Roof PLUS+®** is an Upscale Economy® lodging offering, providing guests with sleek and modern upgrades and amenities at a value price, setting a new standard through enhanced and consistent experiences. Our PLUS+ hotels feature PREMIUM rooms with the highest level of comfort, style and service that guests expect. (SOF 15)

On its informational and marketing website, Red Roof does not disclose any of the following:

a. That Red Roof does not in fact have "a property for every traveler" because Red Roof Property at 777 Airport Blvd., Burlingame, CA 94010 does not have a property for travelers with disabilities.

b. That Red Roof does not provide "guests with sleek and modern upgrades and amenities at a value price, setting a new standard through enhanced and consistent experiences" because it has failed to set a new standard through enhanced and consistent experiences for individuals with disabilities.

c. That the hotels using the Red Roof PLUS+ brand name and logo is not operated, managed or owned by Red Roof.

d. That Red Roof Plus+ San Francisco Airport is operated, managed and owned by BW which does not "do whatever it takes to make our guest feel comfortable" and that, in fact, it discriminates against persons with disabilities.

e. That neither Red Roof nor BW complies with federal and state disability laws. (SOF 16)

On its informational, marketing and booking website, Red Roof claims that Red Roof Plus+ San Francisco Airport is "mobility accessible":

---
[2] Id.

4

**28 C.F.R. 36.302(e)(10)(ii) NON-COMPLIANCE**
https://www.redroof.com/property/ca/burlingame/RRI228

Convenience
- 100% Smoke-Free
- ADA Accessible Parking
- ADA Accessible Rooms
- Coin Laundry
- Communication Assistance Available: TTY & Bed Shaker
- Exterior Corridors
- Mobility Accessible
- Portable Crib/Play Yard Available
- Public Transportation Nearby
- Restaurant within 1 Mile
- Sleep, Park & Fly
- Snack Center

(SOF 17) Red Roof's representation that Red Roof Plus+ San Francisco Airport is "mobility accessible" is false as photographically documented below. Plaintiff took these photographs himself on or about November 23, 2019. The photographs accurately depict the conditions of the Red Roof Plus+ San Francisco Airport as of November 23, 2019. (SOF 18)

**PHOTOGRAPHS OF RED ROOF PLUS+ SAN FRANCISCO AIRPORT**



**Description of Misrepresentation:** There is no marked passenger loading zone. This condition violates applicable mobility laws.

5



**Description of Misrepresentation:** The "accessible" parking is not closest to entry. This condition violates applicable mobility laws.



**Description of Accessibility Laws:** The "accessible" parking slope is too steep (over 1:48). This condition violates applicable mobility laws.



**Description of Misrepresentation:** The improperly configured handrail is neither oval nor curcular. This condition violates applicable mobility laws.



**Description of Misrepresentation:** The laundry controls are out of reach range. This condition violates applicable mobility laws.



**Description of Misrepresentation:** The soap vending is out of reach range. This condition violates applicable mobility laws.

**Description of Misrepresentation:** The check-in counter is inaccessible. This condition violates applicable mobility laws.

# LEGAL ARGUMENT

## 1. Defendants Violated General California Consumer Protection Statutes, Cal. Civ. Code §§ 1708, 1709 and 1710.

Cal. Civ. Code §1708 provides that "[e]very person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his or her rights".

Here, Defendant violated Plaintiff's rights to equal access and thus infringed on his right to equal access.

Cal. Civ. Code §1709 further provides that "[o]ne who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers". §1710 defines the term "deceit" as follows:

§1710. A deceit, within the meaning of the last section, is either:

1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true;

2. The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true;

3. The suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or,

4. A promise, made without any intention of performing it.

On their informational, marketing and booking website www.redroof.com Defendants BW and Red Roof assert and suggest as a fact that Red Roof Plus+ San Francisco Airport is in fact a "Red Roof" hotel with excellent reputation when they know that it is a BW hotel with bad reptation. The effect of this suggestion is that Plaintiff believed he would lodge at a hotel with excellent reputation but was instead offered lodging facilities by a hotelier with bad reputation.

Additionally, the www.redroof.com website suppressed the following information:

a. That Red Roof does not in fact have "a property for every traveler" because Red Roof Property at 777 Airport Blvd., Burlingame, CA 94010 does not have a property for travelers with disabilities.

    b. That Red Roof does not provide "guests with sleek and modern upgrades and amenities at a value price, setting a new standard through enhanced and consistent experiences" because it has failed to set a new standard through enhanced and consistent experiences" for individuals with disabilities.

    c. That the hotels using the Red Roof PLUS+ brand name and logo are not operated, managed or owned by Red Roof.

    d. That Red Roof PLUS+ dba Red Roof Plus+ San Francisco Airport is operated, managed and owned by BW which does not "do whatever it takes to make our guest feel comfortable" and that, in fact, it discriminates against persons with disabilities.

    f. That neither Red Roof nor BW does not comply with federal and state disability laws. (SOF 16)

    g. That it is not "mobility accessible" as represented.

Plaintiff was deceived by Defendant's suppression of facts with respect to truthful and accurate disclosures required to be made pursuant to 28 C.F.R. 36.302(e)(1)(ii). Plaintiff was misled by want of communication that Red Roof Plus+ San Francisco Airport is not in fact a "Red Roof" hotel with excellent reputation when they know, or with the exercise of reasonable diligence, should know that it is a BW hotel with bad reptation.

Plaintiff has been damaged by Defendants' violations of the Cal. Civ. Code sections referenced here. (SOF 13).

**2. Defendants Violated Business and Professional Code §§ 17200 and 17500.**

Cal. Bus. & Prof. Code §17200 provides that:

"unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code".

In turn, § 17500 provides that:

"[i]t is …unlawful for any person .. to perform services, … or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate … over the Internet, any statement, concerning … services … which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, or for any person…to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services… as so advertised.

Here, Defendants were affirmatively offering to sell and were in fact selling accessible accommodations through a statement that Red Roof Plus+ San Francisco Airport is "mobility accessible" which statement is untrue and misleading and which by the exercise of reasonable care should have been known to Defendants to be untrue or misleading. Defendants did not intend to sell lodging at the Red Roof Plus+ San Francisco Airport as "mobility accessible" lodging. Defendants knew, or with the exercise of reasonable care they should have known, that they could not sell mobility accessible accommodations because the Red Roof Plus+ San Francisco Airport is not mobility accessible.

Plaintiff has been damaged by Defendants' violations of the Cal. Bus & Prof. Code sections referenced here. (SOF 13).

RESPECTFULLY SUBMITTED this 29th day of April, 2021.

**PETER STROJNIK**

Plaintiff

FILED and served through PACER.

11