**LEWIS BRISBOIS BISGAARD & SMITH LLP**
SHANE SINGH, SB# 202733
　E-Mail: Shane.Singh@lewisbrisbois.com
GRACE E. MEHTA, SB# 327676
　E-Mail: Grace.Mehta@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Defendant, BW RRI II, LLC dba RED ROOF PLUS+ SAN FRANCISCO AIRPORT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>　　　Plaintiff,<br><br>　vs.<br><br>BW RRI II, LLC. DBA RED ROOF PLUS+ SAN FRANCISCO AIRPORT,<br><br>　　　Defendant. | Case No. 3:20-cv-03142-AGT<br><br>**OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION**<br><br>Date:　Unknown<br>Time:　10:00 A.M.<br>Crtrm.:　A – 15th Floor<br><br>Judge:　Alex G. Tse<br><br>Trial Date:　　　None Set |

## I. OBJECTIONS TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant BW RRI II, LLC DBA RED ROOF PLUS+ SAN FRANCISCO AIRPORT ("Defendant") objects to Plaintiff SCOTT JOHNSON's ("Plaintiff") Motion for Partial Summary Judgement filed on April 29, 2021, ("Motion"). ECF No. 33. Plaintiff's Motion is deficient on numerous grounds and should be denied. Procedurally, Plaintiff has flouted this Court's Local Rules, General Order No. 56, and the Federal Rules of Civil Procedure. As such, Defendant objects to Plaintiff's Motion and responds as follows:

1. Defendant objects to Plaintiff's Motion on the grounds that it fails to provide proper notice in violation of the Local Rule 7-1(a).

2. Defendant objects to Plaintiff's Motion on the grounds that it fails comply with Local Rule 7-2(b)(1)–(4).

3. Defendant objects to Plaintiff's Motion on the grounds that it fails comply with Local Rule 7-2(c).

4. Defendant objects to Plaintiff's Motion on the grounds that it fails comply with Local Rule 7-2(d).

5. Defendant objects to Plaintiff's Motion on the grounds that it fails comply with Local Rule 7-4(a)(1)–(3).

6. Defendant objects to Plaintiff's Motion on the grounds that it fails comply with Local Rule 7-5, 56-2, and Federal Rule of Civil Procedure 56(e).

7. Defendant objects to Plaintiff's Motion to the extent that Plaintiff's "Verified Statement of Facts in Support of Motion for Summary Judgment" is considered a Separate Statement of Uncontroverted Facts and Conclusions of Law in violation of Local Rule 56.

8. Defendant objects to Plaintiff's Motion on the grounds that it fails comply with General Order 56., Paragraph 3.

9. Defendant objects to Plaintiff's Motion on the grounds that Defendant has not yet been permitted to conduct meaningful discovery to enable it to fully present facts essential to oppose the Motion.

## II. PROCEDURAL HISTORY

Plaintiff Peter Strojnik Sr. ("Plaintiff") filed this action on May 7, 202020. Pl.'s Compl., ECF No. 1. The First Amended Complaint was subsequently filed on September 7, 2020, and seeks to hold Defendant liable for alleged violations of the (1) American with Disabilities Act ("ADA"); (2) California's Unruh Civil Rights Act ("Unruh"); (3) California's Disabled Persons Act ("DPA"); (4) Intentional Fraud and Deceit, Cal. Civ Code section 1710(3); (5) Fraud and Omissions, Cal. Civ Code section 1710(3); (6) Negligent Misrepresentation; (7) False Advertising, Cal. Civ. Code sections 17500 *et seq*.; (8) Unfair Competition, Cal. Bus. & Prof. Code section 17200 *et seq*; (9) Negligence; (10) Civil Conspiracy; and (11) Civil Aiding and Abetting. Pl.'s Am. Compl., ECF No. 18; Summons, ECF No.19.

## III. LEGAL STANDARD

Summary judgment is appropriate if the moving party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1985). A genuine dispute of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*. Even if summary judgment is not available on all claims in a case, a party may obtain partial summary judgment on a claim, defense, or portion thereof. Fed. R. Civ. P. 56(a).

The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party with the burden of persuasion at trial must establish that there is no genuine issue of material fact regarding the elements of its claim. *So. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003). "The court must view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor." *City of Pomona v. SQMN. Am. Corp.,* 750 F.3d 1036, 1049 (9th Cir. 2014). However, the party opposing summary judgment must direct the court's attention to specific, triable facts. *So. Cal. Gas*, 336 F.3d at 889. "[T]he mere existence of a scintilla of

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

evidence in support of the [nonmovant's] position" is insufficient to defeat a motion for summary judgment. *Id*. (quoting *Anderson*, 477 U.S. 242, 252 (1986)). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio Corp.* (1986) 475 US 574, 586–587 (1986).

A court considers only admissible evidence when reviewing a motion for summary judgment. *Weil v. Citizens Telecom Svcs. Co., LLC*, 922 F.3d 993, 998 (9th Cir. 2019).

## IV. LEGAL ARGUMENT

### A. Plaintiff's Motion Should be Denied as Plaintiff Failed to Provide Proper Notice in Violation of this Court's Local Rules.

Plaintiff filed this Motion without providing proper notice in violation of the Local Rules of Court. See L.R. 7-1; 7-2. Local Rule 7-1(a)(1) requires "[a]ny written request to the Court for an order must be presented by . . . [a] [d]uly noticed motion pursuant to Civil L.R. 7-2." L.R. 7-1(a)(1). Local Rule 7-2(b) further requires that a motion contain:

> (1) On the first page in the space opposite the caption and below the case number, the noticed hearing date and time; (2) In the first paragraph, notice of the motion including date and time of hearing; (3) In the second paragraph, a concise statement of what relief or Court action the movant seeks; and (4) In the succeeding paragraphs, the points and authorities in support of the motion—in compliance with Civil L.R. 7-4(a).

Plaintiff's Motion fails comply with Local Rule 7-2(b)(1)–(4). Plaintiff's Motion does not include the noticed date and time of hearing on the first page in the space opposite the caption and below the case number nor in the first paragraph of the motion, in violation of Local Rule 7-2(b)(1) and (2). See L.R. 7-2(b)(1)–(2); Pl.'s Motion, ECF No. 33. Rather, the first paragraph of Plaintiff's Motion discusses Red Roof Inns, Inc.'s alleged positive reputation and BW RRI II LLC's alleged negative reputation, without any support for this contention. Pl.'s Motion, ECF No. 33. Additionally, the second paragraph of Plaintiff's Motion fails to provide a concise statement of what relief or Court action Plaintiff seeks. See L.R. 7-2(b)(3); Pl.'s Motion, ECF No. 33. Rather, Plaintiff states, " Plaintiff moves for partial summary judgment based on the above



skeletal facts on liability only." Pl.'s Motion, ECF No. 33, p. 2 ln. 1–2.  In fact, Plaintiff does not include this information clearly anywhere in his Motion.  Pl.'s Motion, ECF No. 33.  Lastly, this Motion violates Local Rule 7-2(b)(4), regarding the content of the Motion because Plaintiff's Motion again fails to include a noticed hearing date and time, is in excess of 10 pages, yet lacks a table of contents and authorities, and fails to include a statement of issues to be decided.  L.R. 7-2(b)(4); 7-4(a)(1)–(3).  As such, this Motion should be denied.

      B.     <u>Plaintiff's Motion Should be Denied as Plaintiff's Motion Failed to Include a Proposed Order in Violation of this Court's Local Rules.</u>

Local Rule 7-2(c) states that "[u]nless excused by the Judge who will hear the motion, each motion must be accompanied by a proposed order."  L.R. 7-2(c).  Plaintiff did not file a Proposed Order with its Motion nor has this requirement been excused.  As such, Plaintiff's Motion violates Local Rule 7-2(c) and should be denied.

      C.     <u>Plaintiff's Motion Should be Denied as Plaintiff's Motion Violates the Local Rules and the Federal Rules of Civil Procedure Regarding Affidavits or Declarations.</u>

Local Rule 7-2(d) states that "[e]ach motion must be accompanied by affidavits or declarations pursuant to L.R. 7-5."  L.R. 7-2(d).  Local Rule 7-5 requires that, "[f]actual contentions made in support of . . . any motion must be supported by an affidavit or declaration and by appropriate references to the record."  L.R. 7-5(a).  The affidavit or declaration "may contain only facts that conform as much as possible to the requirements of Fed. R. Civ. P. 56(e), and must avoid conclusions and argument."  L.R. 7-5(b).  Plaintiff's Motion does not comply with Federal Rule of Civil Procedure 56(e).

Plaintiff's "Verified Statement of Facts in Support of Motion for Partial Summary Judgment," as Exhibit 1 to his Motion, offer no more than the allegations contained in his Complaint, First Amended Complaint, and Motion for Partial Summary Judgement itself.  Pl.'s Compl., ECF No. 1; Pl.'s Am. Compl., ECF No. 18; Pl.'s Motion, ECF No. 33.  Plaintiff's Statement of Facts mirror these aforementioned pleadings for the purpose of attempting to competently establish the basic elements necessary to prove his claims.  He has provided no competent factual basis that the contents of his "Verified Statement of Facts" are based on any

1  personal knowledge and set out no specific facts beyond mere objectionable conclusory
2  allegations. Plaintiff's "Verified Statement of Facts" only include conclusory, vague, and
3  argumentative statements. As such, Plaintiff's Motion does not comply with Local Rule 7-2(d), 7-
4  5, or Federal Rule of Civil Procedure 56(e) and should be denied.

       D.    <u>Plaintiff's Verified Statement of Facts in Support of His Motion Should be Stricken as a Separate Statement that Violates Local Rules of Court.</u>

7       Plaintiff filed a "Verified Statement of Facts in Support of His Motion for Summary
8  Judgment," which in reality is a Separate Statement of Uncontroverted Facts and Conclusions of
9  Law. Submission of these statements is prohibited without leave of court and Plaintiff's
10 submission violates the Local Rules of Court. See Civil L.R. 56-2(a)("No Separate Statement
11 Allowed Without Court Order. Unless required by the assigned Judge, no separate statement of
12 undisputed facts or joint statement of undisputed facts shall be submitted.").

13      Accordingly, Defendant requests that this Separate Statement be stricken. To the extent
14 the Separate Statement is considered by the Court in ruling on Plaintiff's motion, Defendant
15 disputes all purported facts as unsupported by admissible evidence that are not material to the
16 Motion.

       E.    <u>Plaintiff's Motion For Summary Judgment Should be Denied as Premature Because The Parties Have yet to Satisfy Their Obligations Under General Order No. 56.</u>

19      General Order No. 56 applies "[i]n any action which asserts denial of a right of access
20 protected by Titles II or III of the American with Disabilities Act[.]" Preamble, General Order
21 No. 56. General Order No. 56's purpose, in essence, is to promote efficient and cooperative
22 litigation of ADA access cases by limiting costs until the parties have made a serious effort to
23 resolve their disputes out of court. General Order No. 56, in pertinent part, states:

> All discovery, motion practice (except for motions under Rule 12(b) and motions to appear pro hac vice), and other proceedings are STAYED unless the assigned judge orders otherwise. Requests to lift the stay to conduct specific discovery, to file any other motion, to be relieved of any of the requirements of this Order, or to enforce any of the requirements of this Order may be made by stipulation and proposed order under Civil Local Rule 7-12 or by filing a Motion for Administrative Relief under Civil Local Rule 7-11.

28 General Order 56., ¶ 3.



Plaintiff's motion clearly frustrates the spirit and letter of General Order No. 56 because it is premature. The parties have not engaged experts, exchanged meaningful discovery, conducted a site inspection, or been afforded the opportunity to mediate this dispute.

Moreover, General Order No. 56 provides the parties a mechanism by which they can alter or modify their obligations thereunder to suit their particular needs through the filing of a Motion for Administrative Relief pursuant to L.R. 7-11. General Order No. 56, ¶ 3. Plaintiff has filed no such motion.

### F. Plaintiff's Motion Should be Denied as Premature as Discovery is Necessary to Address the Merits of Plaintiff's Claims.

Because a party moving for summary judgment must demonstrate the absence of any issue of material fact, a court should only grant summary judgment after the opposing party has been given a sufficient opportunity for discovery. See, e.g., *Celotex Corp., supra*, 477 U.S. at 322 (1986) (reflecting that summary judgment is appropriate only "after adequate time for discover"); *Anderson*, *supra*, 477 U.S. at 250 n.5, 257 (observing that summary judgment should be denied "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition," and that the nonmoving party should have "a full opportunity to conduct discovery"). Here, Defendant has not yet had the opportunity to conduct meaningful discovery to evaluate the merits of Plaintiff's claims. Plaintiff is concurrently seeking summary judgment while simultaneously engaged in complying with the General Order No. 56 process and requirements which should stay discovery. In so doing, he has placed Defendant in the present situation in not having sufficient time to investigate the merits of the dispute and thereafter take appropriate steps in light of its investigative findings.

Thus, Plaintiff's Motion should be denied because Defendant has not yet been permitted to conduct discovery to enable it to fully present facts essential to oppose the Motion because those facts are within the exclusive custody and control of Plaintiff. Accordingly, Defendant requests this Court deny, or defer consideration of, Plaintiff's Motion for Partial Summary Judgment to allow Defendant sufficient time conduct discovery necessary to oppose the Motion.

/ / /

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that Plaintiff's Motion for Partial Summary Judgment be denied and Defendant be granted reasonable attorneys' fees in defense of this frivolous Motion.

DATED: May 13, 2021                    LEWIS BRISBOIS BISGAARD & SMITH LLP

By:     /s/ *Grace E. Mehta*
SHANE SINGH
GRACE E. MEHTA
Attorneys for Defendant, BW RRI II, LLC dba RED ROOF PLUS+ SAN FRANCISCO AIRPORT