UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>    Plaintiff,<br><br>v.<br><br>BW RRI II, LLC, et al.,<br><br>    Defendants. | Case No. 20-cv-03142-AGT<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 33 |

    Peter Strojnik initiated this disability discrimination case against BW RRI II, LLC, a company that owns a Red Roof Plus hotel in Burlingame, California, in May 2020. In the operative amended complaint, filed September 7, 2020, Strojnik alleges violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act and various other related claims under California law. Currently before the Court is Strojnik's motion for partial summary judgment on four of his state claims—intentional fraud, fraud and omissions, false advertising, and unfair competition. ECF No. 33. BW opposes the motion on procedural grounds, arguing, among other things, that it is premature and violates this District's General Order 56 because the parties "have not engaged experts, exchanged meaningful discovery, conducted a site inspection, or been afforded the opportunity to mediate this dispute."[1] ECF No. 34 at 7. Strojnik does not dispute that no joint site inspection, mediation, or discovery has occurred to date. Instead, he claims that "General Order 56 is not applicable because [his] Motion seeks no relief based on Title III of the ADA." ECF No. 35 at 1. This is incorrect.

    General Order 56 applies "[i]n any action which asserts denial of a right of access protected by Titles II or III of the American with Disabilities Act"—which includes this action—

---

[1] BW correctly observes that Strojnik's motion is procedurally deficient in numerous other respects, including that it fails to comply with Civil Local Rules 7-1, 7-2, 7-4, 7-5, and 56-2.

and expressly instructs that:

> [a]ll discovery, motion practice (except for motions under Rule 12(b) and motions to appear pro hac vice), and other proceedings are STAYED unless the assigned judge orders otherwise. Requests to lift the stay to conduct specific discovery, to file any other motion, to be relieved of any of the requirements of this Order, or to enforce any of the requirements of this Order may be made by stipulation and proposed order under Civil Local Rule 7-12 or by filing a Motion for Administrative Relief under Civil Local Rule 7-11.

General Order 56 ¶ 3. Strojnik filed his pending motion without asking the Court for relief from the stay imposed by General Order 56. His motion is denied without prejudice on this basis alone. Strojnik may not file another summary judgment motion in this action without first obtaining the Court's permission.

Relatedly, pursuant to General Order 56 and as set forth in the Scheduling Order for this case, the parties were required to complete a joint site inspection within 60 days of service of the complaint, engage in an in-person settlement meeting within 35 days of the joint site inspection, and file a Notice of Need for Mediation and Certification of Counsel within 42 days of the joint site inspection. *See id.* ¶¶ 7–9; Dkt. 2. It is now more than eight months since Strojnik served his amended complaint (*see* Dkt. 25) and parties have yet to complete the joint site inspection or mediation. The parties are ordered to conduct the joint site inspection by no later than **July 19, 2021**. All other General Order 56 deadlines are adjusted accordingly. The parties are advised that future failure to comply with General Order 56 and court-ordered deadlines may result in sanctions, including dismissal of the action and/or an adverse judgment against the offending party. *See Love v. Barcelino Cont'l Corp.*, 2020 WL 8675993, at *2 (N.D. Cal. July 31, 2020) ("Where a party is non-compliant with General Order 56's procedures, the Court may exercise its inherent authority to 'fashion an appropriate sanction for conduct that abuses the judicial process.'") (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017)).

**IT IS SO ORDERED.**

Dated: June 21, 2021

ALEX G. TSE
United States Magistrate Judge